The People ex rel. Christopher Dilcher, Respondents, *v.* The German United Evangelical Saint Stephen's Church of Buffalo, Appellant.

A body composed of those who have associated themselves together as a church, for ecclesiastical purposes, has power to adopt its own rules for admission and discipline, and to administer them in its own way, and when, according to its rules and discipline a member is convicted of a moral delinquency and is expelled, the courts have no control in the matter, and a mandamus will not lie to reinstate the expelled member.

A religious corporation organized under the act of 1813, providing for the incorporation of religious societies (chap. 60, Laws of 1813), has no

power to try a corporator for a moral delinquency, or to disfranchise him in consequence thereof.

In such case, however, a mandamus is not the proper remedy. Any resolution passed for the purpose of depriving him of the rights secured to corporators by said statute, is no obstacle to the vindication of such rights, but is a nullity; if deprived of those rights wrongfully, he has an adequate remedy by action against the persons guilty of the wrong.

(Submitted May 23, 1873; decided June 3, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment and order of the Special Term, which overruled the demurrer of the relator to defendant's return to a writ of alternative mandamus, and quashed the writ; and directing the issue of a peremptory writ, requiring that "the defendant admit and restore, or cause to be restored, the plaintiff to membership of the said German United Evangelical St. Stephen's Church of Buffalo, together with all the rights and liberties, privileges, franchises and profits appertaining or belonging thereto, according to the command of the said former writ of alternative mandamus." (Reported below, 6 Lans., 172.)

The facts stated in the alternative writ were, in substance, as follows: That the defendant was incorporated in April, 1853, under the act of 1813, providing for the incorporation of religious societies. That the relator became a member of the church in 1856, and has been and is now a member, and as such has a right to a voice to the election of its trustees and its general business transactions, and to the enjoyment of its real and personal property for the purpose of public worship and religious instruction. That, September 6th, 1868, the defendant, the church, as it is alleged by its corporators, adopted a resolution that the members, Martin Schlinker and Ch. Dilcher (the relator), and L. Hoffman be relieved of the offices they hold in this congregation and other officers be elected in their stead, on account of a clandestine correspondence to Pittsburgh, Penn., detrimental to the Rev. Dr. Schelle; and also that the secretary notify them that they are thus relieved of their offices and expelled from the

congregation.  That no notice of any charge against the
relator, which was considered September 6th, 1868, was
given; and also no notice of his trial was given, either to him
or to the members of the church.  That ever since September
6th, 1868, the said German United Evangelical St. Stephen's
Church of Buffalo, its trustees and members, have prevented,
and are now preventing, the said Dilcher, the relator, from
the exercise and enjoyments of the rights, privileges, liber-
ties, franchises and profits appertaining and belonging to a
membership of said church.

To this writ defendant make return, which, in substance,
admits the incorporation of the church, and states that such
church has a constitution for the purpose of stating and
declaring their peculiar religious faith and keeping it uni-
form, containing the qualifications of members and the
mode of admitting, governing or expelling them, and other-
wise managing the affairs of the said church.  This con-
stitution is annexed to the answer or return as part of it.
The return then avers that to be admitted to membership,
and the rights, privileges and franchises of membership, each
person must be a Christian of unblemished character, must
declare his intention to be governed by the rules specified in
section 23 and 24 of the first article of the constitution ; must
satisfy the secretary of his desire to be admitted, and procure
from him a copy of the constitution and by-laws ; must
acquaint himself thoroughly with all the rules and discipline,
and at the expiration of one month be formally installed into
said church as a member, and sign the constitution and
by-laws ; and before he is entitled to vote or hold office in
said church he must be publicly installed by the pastor as a
member of the church in the presence of the assembled church,
and must sign the constitution and by-laws adopted and
signed by all the members; and they aver that no person is
or can be entitled to vote or hold office unless he is qualified
by these attributes, and continues to be so qualified by sus-
taining them and each of them ; and that unless he does so
possess and sustain them, as each of them, and that none but

those who have been installed in manner and form aforesaid, and who continue in such relations, *are members* of the said German United Evangelical St. Stephen's Church of Buffalo.

The return then admits that Dilcher, the relator, became a member of the said church in 1856, on complying with these conditions or rules, in signing this constitution and by-laws adopted and signed by all the members. But it denies that he continued to be a member of the said church, or that, as such, he has a voice to the election of its trustees. On the contrary, it 'states that on the 5th day of September, 1868, the relator, together with Schlinker and Hoffman, was dismissed from the church and removed from his office as trustee on account of their false, fraudulent, scandalous and malicious conduct in their correspondence to Pittsburgh to Elias Becker, secretary of the German Evangelical Protestant Church of that city, and concerning and against the Rev. Dr. Schelle, pastor of the said church of Buffalo; that this was done at a meeting of the church, by a majority of its members, called for the purpose of investigating the truth and nature of their said conduct, according to the rules and discipline of said body, of which charge and trial he, the relator, had notice and was present and defended himself.

The return then set forth the facts which appeared in proof upon the said trial, and stated that at said trial the said relator was found guilty of the said charge and was dismissed and expelled from the said church, and was removed from his office as trustee. The relator demurred to the return.

*William H. Greene* for the appellant. The persons who established this religious body had a right to prescribe what steps shall constitute a membership. (Chap. 60, Laws of 1813, §§ 22, 23, art. 3; *People* v. *Phillips*, 1 Den., 394, 398; 12 How. Pr., 497.) The relator does not show himself entitled to the writ by the case he states. (*Com. Bk. of Albany* v. *Canal Com'rs*, 10 Wend., 25; *People* v. *Ransom*, 2 Comst., 490; 1 Cowden, 501; 18 Abb. Pr., 8; 37 How. Pr., 394; 15 Barb., 60; Ang. & A. on Cor., 698.) Relator's offence

amounted to a breach of the condition tacitly or expressly annexed to his franchise or office. (*Commonwealth v. Saint Patrick's Benev. Soc.*, 2 Bin., 441; 50 Penn., 107; 52 id., 125; Ang. & A. on Corp. title, Disfranchisement, 5 Bin., 486; 6 Serg. [Penn.], 469.) The return shows an adequate cause, and that all steps required by the constitution and by-laws were regular. (52 Penn., 125; 2 Wheat., 309; 8 *Watts v. S.*, 247.)

*Delavan F. Clark* for the respondents. Religious societies incorporated under the general act of 1813, are civil corporations, to be managed according to the principles of the common law. (3 R. S., 206 [2d ed.]; *Robertson v. Bullions,* 11 N. Y., 243; *Petty v. Tooker*, 21 id., 271; *Bap. Ch. v. Witherell*, 3 Paige, 296; *Mad. Ave. Ch. v. Bap. Ch.*, 30 How. Pr., 470.) Relator was a member of defendant, and as such entitled to various rights, privileges, liberties and profits. (2 Black. Com., 37; Kyd on Corp., 16; 3 R. S., 299, §§ 7, 9, 11; Laws of 1860, 389; *Trustees Dart. College v. Woodward,* 4 Wheat., 700; *Ashby v. White,* 2 Ld. Raym., 938.) The charge upon which the relator was tried and convicted is not a legal cause for his disfranchisement from this corporation. (*People v. Med. Soc. of Erie Co.,* 24 Barb., 571, and cases cited; Ang. & A. on Corp., §§ 408, 413–417; 1 Chitty's Pl., 217; *Commonwealth v. St. Patrick's Soc.*, 2 Binn. [Pa.], 441; *Fuller v. Trustees Plainfield Academy,* 6 Conn., 532; *Evans v. Phila. Club,* 12 Wright [Pa.], 107.) The return is defective in form. (*Rex v. Mayor of Liverpool,* 2 Bur., 723; *Rex v. Corp. of Doncaster*, id., 738; Ang. & A. on Corp., § 725, and cases cited, 672–674; Wilcox on Corp.; *Rex v. Feversham,* 8 T. R., 356; *Com. ex rel. Fisher v. Ger. Soc.,* 15 Pa. St., 257; *Com. ex rel. Meyers Soc.,* 52 Pa., 125; *People v. Sup'rs of Ulster,* 32 Barb., 477; *King v. Gaskin,* 8 T. R., 209; 9 Wend., 35; 17 id., 200; 1 Den., 568.)

Grover, J. By the judgment appealed from a peremptory writ of mandamus was awarded against the defendant, a cor-

poration organized under the act of 1813 (23 Statutes at Large, 687), to provide for the incorporation of religious societies, commanding it to admit and restore the relator to membership of the German United Evangelical St. Stephen's Church of Buffalo, together with all the rights and liberties, privileges and franchises, and profits appertaining or belonging thereto, according to the command of the alternative writ of mandamus. The demurrer interposed by the relator to the return of the defendant to the alternative writ raises in addition to the question as to the sufficiency of the return the further question whether the relator showed title to the relief awarded by the facts stated in the alternative writ. The alternative writ, after setting out the incorporation of the defendant under the act of 1813, proceeds to state that the relator being a citizen residing at Buffalo was accepted by the defendant, and became a member of said church in the year 1856, and has ever since continued to be and still is a member thereof, and as such member hath a right in respect thereof to a voice in the election of its trustees and its general business transactions, and to the enjoyment of its real and personal property for the purpose of public worship and religious instruction; and that at a meeting held on the 6th of September, 1868, the defendant did by a majority of its corporators then present adopt the following resolutions: It was moved and seconded that the members (the relator and two others), having carried on a clandestine correspondence to Pittsburgh, Pennsylvania, detrimental to the Rev. Mr. Schelle, be relieved of the offices they hold in this congregation, and that other members be elected in their stead. It was moved and seconded that the secretary notify these members that they are relieved of their offices and expelled from the congregation. It then proceeds to set out the correspondence referred to in the resolutions, and to aver that no notice had been given to the relator of the charge specified in the resolutions, and that no notice of his trial upon any charge was given to him or the members of said church; and that the defendant ever since the 6th day of September,

1868, has prevented and still does prevent the relator from the exercise and enjoyment of the rights, privileges, liberties, franchises and profits appertaining and belonging to a membership of their church, to his no small damage and grievance and to the manifest injury of his feelings and estate.

It will be seen that although the removal from office of the relator and other members is declared in the resolutions of September 6th, 1868, yet it is not stated in the writ that the relator held any office in the corporation, nor any facts showing him entitled to any office therein, nor does he seek to be restored to any such office. The writ leaves it somewhat ambiguous as to what body passed the resolutions complained of by the relator, whether the corporation organized under the act of 1813, which by the statute is vested with the property and control of the temporal affairs of the corporation, or that composed of those who had united together for ecclesiastical relations and purposes, and for spiritual improvement, constituting what may properly be called the church. This ambiguity arises from the fact that in selecting a name for the corporation the name of the latter body was adopted. From the language of the writ I am inclined to the opinion that it was the latter body or church, who after having tried the relator according to its rules and discipline by the passage of the resolutions designed to convict the relator of a moral delinquency such as to require his exclusion from the church, and to exclude him therefrom without any reference to his rights as a member of the former body. This body (the church) is a voluntary association, having power to adopt its own rules for admission and discipline, and administer them in its own way, independent of any control by the courts while free from an intention to injure its members or those not belonging to it. (*Petty* v. *Tooker*, 21 N. Y., 267.) The resolutions, if passed by this body for the purpose of excluding the relator from the church and the spiritual privileges enjoyed by its members, were effectual for the purpose intended, while if passed by the corporation for the purpose of depriving the relator of the privileges secured to corpora-

tors by the statute they were mere nullities. Again, the relator says that no notice of his trial upon any charge was given to him or the members of said church. This is peculiarly applicable to the trial of members by the church in the course of discipline, but has no application whatever to a trial by the corporation organized under the statute. Indeed the latter has no power to try for any moral delinquency or to disfranchise a corporator in consequence thereof. I think upon this ground the judgment of the Special Term quashing the writ should be sustained. To entitle the relator to the writ he should make a case clearly showing his right thereto. An ambiguous statement leaving it doubtful is not sufficient.

But if wrong in this, if the statement shows that the resolution was passed by the corporation, how stands the relator's case? We have already seen that he states no facts showing any title to any office in the corporation or that he has been deprived of any such office. If the statement to the effect that the relator became a member of the church in 1856, and has since continued and still is such member, is to be regarded as an averment that he then became a corporator, and has since so continued, and still is such, and, therefore, entitled to a voice in the election of its trustees, etc., and the enjoyment of its real and personal property for the purpose of public worship and religious instruction, the answer to the relator's case is, that if deprived of these rights wrongfully he has an adequate remedy for the injury against the persons guilty of the wrong. If any one excludes him from the proper enjoyment of the property for religious worship and instruction he can maintain an action therefor, and in fixing his damages the injury to his feelings may be considered. The same course may be taken if prevented from exercising his right to vote when entitled to such right by the statute. The resolutions are no obstacles to a vindication of the plaintiff's rights as a corporator. If deprived of these he has an adequate remedy for the wrong, and upon this ground the writ should be quashed. The resolutions probably do

exclude the relator from the church. If injustice was done the plaintiff in this respect, redress therefor must be had, if at all, by ecclesiastical proceedings under the rules or laws adopted by the church for its government and that of its members.

The judgment of the General Term must be reversed and that of the Special Term affirmed, with costs.

CHURCH, Ch. J., FOLGER and ALLEN, JJ., concur.

PECKHAM, RAPALLO and ANDREWS, JJ., do not vote.

Judgment accordingly