MARCH TERM, 1875. 85

People ex rel. Doyle v. New York Benevolent Society of Operative Masons.

PEOPLE *ex rel.* DOYLE v. NEW YORK BENEVOLENT SOCIETY OF
OPERATIVE MASONS.

*Mandamus — proper to restore member of corporation to rights as such. Mutual
benefit society — rights of members. Public policy — rule of corporation
against void.*

Mandamus is the proper remedy to restore a member of a corporation formed
under the statutes of this State for benevolent purposes to the rights of
membership, of which he had been unlawfully deprived.

The relator, who was a member of a workingmen's benevolent society, was
accused of violating a rule of the society by working in the place of a
brother member who had been discharged for upholding the laws of the
society, the penalty provided for such act being fine or expulsion. The rules
of the society provided that no member should be expelled without notice
and a hearing. Relator, without notice or opportunity to be heard, was both
fined and expelled. *Held*, that the expulsion was unlawful (1) as being in
violation of the rules of the society, and (2) (per DAVIS, P. J.) upon the
ground that the rule under which he was expelled was void as against pub-
lic policy.

A PPEAL from an order directing a writ of peremptory mandamus
to issue requiring the appellant, the New York Benevolent
Society of Operative Masons, to reinstate the relator, James Doyle,
in all the rights, privileges and benefits which, under the constitu-
tion and by-laws of the society, belong to a member of it in good
standing.

The facts were these: The relator, a member of said New York
Benevolent Society of Operative Masons, in the month of Novem-
ber, 1873, was notified by the said society to quit work because he
was receiving less wages than were prescribed by its constitution
and by-laws. In the month following he received further notice to
appear before the executive committee and pay his fine or show
cause. Relator appeared on the 17th of December, in pursuance of
notice, and showed cause satisfactory. He was exonerated, but
required to furnish an affidavit on the next meeting night, Decem-
ber 24th, showing that he received not less wages than $4 per day,
and was informed that there was no other charge against him, and
that that affidavit would set him right. He then tendered his dues,
which were refused. Three days thereafter he received a severe
injury, and was unable to furnish the affidavit, but as soon as his

condition permitted, notified the society of the accident which befel him, in pursuance of section 3, art. 34 of its by-laws. No committee visited him, as required by such by-laws.

As soon as he was able, and on the 18th of February following, he furnished the required affidavit, and again tendered his dues. The affidavit was accepted, but the dues were refused. On the next meeting night, February 25th, he requested to be informed what disposition was made of his case, when it was announced by the president, that he was acquitted of the charge of having worked under wages, but that they found him guilty of violating articles 28 and 31 of the by-laws of the society. The relator protested his innocence, and declared that he could prove it, but the society would not hear him. Relator swore that he never heard of such a charge, nor had he received the slightest notice or intimation of such a charge existing until such announcement was made. The appellant did not controvert this allegation.

Such other facts as are material appear in the opinion.

*S. B. Garvin*, for appellant, cited *Clark* v. *Miller*, 54 N. Y. 534; *People ex rel. Dilcher* v. *German Evangelical Church*, 53 id. 103; *Connitt* v. *Dutch Church*, 54 id. 551.

*Breen & Gearon*, for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. Although it was not distinctly alleged in the affidavits used in support of the application for a peremptory writ of mandamus, that the society was a corporation, they must be accepted as sufficient in that respect in the disposition of the present appeal, because no objection was made to them as defective on that account when the application was heard upon them by the special term.

If it had then been made, it is probable that it could have been removed by supplying legal evidence of the fact at that time, under such terms as could then have been prescribed. For that reason the objection should now be treated as waived, by the omission to urge it when it may have been in the applicant's power to correct it, by means of further proof as to the fact. It may now with propriety be inferred from that omission, and the circumstances that

the society was proceeded against by a name not inappropriate as a corporate designation, that the application was resisted by it in that name, and that no denial was contained in the papers of its corporate character; that it was in fact what its acts indicated, a corporation.

For these reasons the appeal should be disposed of with that fact assumed against the appellant. From the applicant's affidavit which, in this respect, was allowed to pass entirely uncontroverted, it was shown that he was expelled from the society for an alleged violation of one of its by-laws, and no distinction was either shown or claimed to exist between membership in the corporation and membership in the society.

But on the other hand it may be inferred from the papers that the society and the corporation are one and the same entity. The substance of the application, therefore, was that by means of the writ of mandamus, the applicant should be restored to his position as a member of the corporation itself.

The case of *People* v. *German United Saint Stephen's Church*, 53 N. Y. 103, was relied upon as an authority opposed to such a use of the writ of mandamus. But the decision in that case did not go to that extent. For the application which was there made was so construed as to be limited to a claim to be restored to membership in the ecclesiastical body known as the church, as distinguished from the corporate society itself. It was from the ecclesiastical body that the relator had been expelled, and not from the congregation as a corporation. And as membership in that was controlled entirely by the discipline of the church as a merely religious association, and it was in no sense a corporate body, it was held that the writ of mandamus could not be lawfully issued to restore the relator to membership in it.

The application in this case was of an entirely different nature. In substance it was to restore the applicant to membership in a corporation formed under the statute of this State, for benevolent purposes, and that involved a legal and proper use of the writ of mandamus. It was the only mode in which by legal proceedings he could secure such restoration, and its use for that purpose has been sanctioned and maintained by judicial authority. *People* v. *Saint Franciscus Benevolent Society*, 24 How. 216; *People* v. *Medical Society*, 25 id. 333; S. C., 32 N. Y. 187.

The real cause of the applicant's removal and expulsion was an

asserted violation of the thirty-first article of the by-laws ; for he was relieved of the other ground of complaint against him, on the production of his affidavit, denying its truth. And that violation consisted according to the by-law, either of not going in on a regular strike, or taking a brother member's place, who has been discharged for upholding the laws of the society.

The penalty authorized by way of punishment, was expulsion, or a fine of $20, as the society might determine. That was explicitly provided by article thirty-one of the by-laws. It was not both which could be imposed upon the offender, but one or the other. And as it was shown by the affidavit of O. Callahan, produced on the part of the society, that a fine of $20 was imposed, it would seem to follow that there was no authority for adding expulsion to it. The power of the society to expel the applicant could not, under the terms of the by-law, be executed in the case after the fine had been inflicted.

By the first section of article thirty of the by-laws, it was provided that no member should be expelled until he had been notified to appear and show cause. And the applicant swears that he never received any notice or intimation that either charge found in the report of the committee was about to be brought against him. This statement was not contradicted by anything contained in the papers produced on the part of the society. The notice produced upon the hearing was not of the character required by the by-law, for it was not served until after the fine was imposed, and did not propose that his conduct should be investigated, but simply that he should appear and pay the fine, or show cause. For what he was expected to show cause, was not stated, nor in any way shown. It was not, apparently, designed to afford him any opportunity to be heard as to the justice of the fine. For when he did appear before the society at a subsequent time, he protested his innocence of the charge, and stated that he could prove it, but no attention, he states, was paid to him by the society.

It appeared that he was tried by the committee without notice of the charge on which he was fined, and from which he was not afterward relieved. That was unreasonable and unjust, and could not, either on general principles, or under the language of the by-law, justify his expulsion from membership. *People* v. *Saint Franciscus Society*, 24 How. 216.

The failure to pay his dues was equally groundless as a reason for

expulsion, for he offered to pay those which had accrued on the 17th of December, and the society declined to receive them. He had not been lawfully convicted of having done any thing up to that time depriving him of the right to make payment, for his trial and conviction had been conducted without notice to him of the proceeding. And for that reason it was not effectual against him for any purpose whatsoever. The society could not, because of his conviction, decline to receive his dues, and in that manner involve him for such a period in arrears as to justify his expulsion, as long as no notice was given him which enabled him to contest or disprove the charges made against him. No reason for his expulsion was shown on the hearing of the application authorizing or justifying that act under the provisions contained in the by-laws.

The order should, therefore, be affirmed, with $10 costs, besides disbursements on the appeal.

DAVIS, P. J. I concur on the grounds expressed by Justice DANIELS, and also on the ground that the by-laws under which the relator was expelled, and which, in effect, forbade the relator to work at his trade at such prices as he chose to accept, and compelled him to join in a strike, by punishing him for refusing so to do, are void as against public policy.

*Order affirmed.*