(56 Misc. Rep. 304.)

PEOPLE ex rel. KATZ v. ERSTE ULASZKOWEER KRANKEN UNTER-STUTZUNGS VEREIN.

(Supreme Court, Special Term, New York County.   November 25, 1907.)

1. MANDAMUS—ASSOCIATION—REINSTATEMENT OF EXPELLED MEMBER.

Mandamus will lie to restore one who has been unlawfully expelled to membership in a society whose object is not solely to enable its members to meet for divine worship or other religious observances, but is to provide a fund for the payment of weekly benefits and gratuitous services of a physician, a burial ground for its members, and generally to help such members as are in distress.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 259, 260.]

2. SAME—PEREMPTORY WRIT—ISSUANCE.

Where, on motion for a peremptory writ of mandamus to restore relator to membership in a benefit society, issues of fact are presented by opposing affidavits, the peremptory writ cannot be granted, but an alternative writ may be had instead.

Motion by the people, on relation of Morris Perez Katz, against the Erste Ulaszkoweer Kranken Unterstutzungs Verein for a peremptory writ of mandamus. Peremptory writ denied, but alternative writ granted.

Arthur Rosenberg, for the motion.
Abraham B. Schleimer, opposed.

GIEGERICH, J.  The relator by this motion seeks a peremptory writ of mandamus restoring him to membership in the respondent society.  He alleges that he was unjustly fined for alleged disorderly conduct, that he was unlawfully expelled for the nonpayment of such fine, that the president of the respondent refused to submit the question of his guilt or innocence to a vote of the members in meeting as-

sembled, saying "I am boss here," and expelled him from the association, directed that his name be canceled from its books, and ordered the secretary to refuse to accept any more dues from him, and that the constitution of the respondent does not contain any provision for the expulsion of a member for the nonpayment of a fine of the character imposed upon him. These and all other material allegations of the moving affidavits are denied.

It is urged in behalf of the respondent that, as it is a religious corporation, a mandamus is not the proper remedy in such a case as this. The cases of People ex rel. Dilcher v. German United Evangelical Saint Stephen's Church of Buffalo, 53 N. Y. 103, and Waller v. Howell, 20 Misc. Rep. 236, 45 N. Y. Supp. 790, are relied on to support the position so contended for; but it will be seen upon examination that they simply lay down the rule that, where no right of property or civil right is invaded, all matters of a religious or ecclesiastical nature are left entirely to the jurisdiction of the ecclesiastical judicatories, and the courts will not interfere with the decisions of the church tribunal. As was said in the case last cited (page 237 of 20 Misc. Rep., page 791 of 45 N. Y. Supp.) :

"All questions of faith, doctrines, and discipline belong exclusively to the church and its spiritual officers, and the courts will neither review their determination on the facts nor their decisions on the question of jurisdiction."

Here we have no such situation. Although alleged to be a religious corporation, the name of the respondent, as well as its objects, show that it is a benefit society, rather than a corporation created solely for the purpose of enabling its members to meet for divine worship or other religious observances. Thus it is alleged in the moving affidavits, without contradiction on the part of the respondent, that the object of the association is to provide a fund for the payment of a weekly benefit to its sick members and the gratuitous services of a physician, a burial ground for its members and their families, and generally to help such of the members as are in distress. The affidavits further show that the question of church membership is not involved, but that the controversy arises over the control of the association and its property between opposing factions; the relator evidently belonging to the weaker of the two.

Since issues of fact are presented by the opposing affidavits, the application for a peremptory writ of mandamus cannot be granted, but an alternative writ may be had instead.