Supreme Court, December, 1907.        [Vol. 57.

The People ex rel. Moses Perez Katz, Relator, *v.* Erste Ulaszkowcer Krankem Unterstuetzubs Verein, Respondent.

(Supreme Court, New York Special Term, December, 1907.)

Fraternal and Mutual Benefit Associations — Forfeiture, suspension or resignation — Suspension or expulsion of member — Grounds and procedure.

Religious Societies — Jurisdiction of courts — Matters of doctrine.

> Where the president of a society that appears to be a benefit society rather than a society for divine worship or other religious observances, declaring himself to be boss, expels a member without submitting the question of his guilt or innocence to his fellow members and upon grounds not made a cause of expulsion by the constitution of the society, a question of faith, doctrine and discipline of a church or its officers is not involved such as will prevent the courts from interposing to prevent the member from being unlawfully deprived of his rights.

Motion for a writ of mandamus.

Arthur Rosenberg (Nathan Bardach, of counsel), for relator and motion.

Abraham B. Schleimer, opposed.

Giegerich, J.    The relator by this motion seeks a peremptory writ of mandamus restoring him to membership in the respondent society. He alleges that he was unjustly fined for alleged disorderly conduct, that he was unlawfully expelled for the nonpayment of such fine, that the president of the respondent refused to submit the question of his guilt or innocence to a vote of the members in meeting assembled, saying " I am boss here," and expelled him from the association, directed that his name be canceled from its books, and ordered the secretary to refuse to accept any more dues from him, and that the constitution of the respondent does not contain any provision for the expulsion of a member for the

nonpayment of a fine of the character imposed upon him. These and all other material allegations of the moving affidavits are denied. It is urged in behalf of the respondent that, as it is a religious corporation, a mandamus is not the proper remedy in such a case as this. The cases of People ex rel. Dilcher v. German United Evangelical Saint Stephen's Church, 53 N. Y. 103, and Waller v. Howell, 20 Misc. Rep. 236, are relied on to support the position so contended for, but it will be seen upon examination that they simply lay down the rule that where no right of property or civil right is invaded all matters of a religious or ecclesiastical nature are left entirely to the jurisdiction of the ecclesiastical judicatories, and the courts will not interfere with the decisions of the church tribunal. As was said in the case last cited (p. 237): "All questions of faith, doctrines and discipline belong exclusively to the church and its spiritual officers, and the courts will neither review their determination on the facts nor their decision on the question of jurisdiction." Here we have no such situation. Although alleged to be a religious corporation, the name of the respondent, as well as its objects, show that it is a benefit society rather than a corporation created solely for the purpose of enabling its members to meet for divine worship or other religious observances. Thus, it is alleged in the moving affidavits, without contradiction on the part of the respondent, that the object of the association is to provide a fund for the payment of a weekly benefit to its sick members, and the gratuitous services of a physician, a burial ground for its members and their families, and generally to help such of the members as are in distress. The affidavits further show that the question of church membership is not involved, but that the controversy arises over the control of the association and its property between opposing factions, the relator evidently belonging to the weaker of the two. Since issues of fact are presented by the opposing affidavits, the application for a peremptory writ of mandamus cannot be granted, but an alternative writ may be had instead.

Ordered accordingly.