■ MICHAEL RODYK, Respondent, v. UKRAINIAN AUTOCEPHALIC ORTHODOX CHURCH OF ST. VOLODIMIR, INC., et al., Appellants, et al., Defendant.— In an action *inter alia* to declare that plaintiff is a member in good standing of the defendant religious corporation, defendants other than Rev. Leo Weslowsky appeal from a judgment of the Supreme Court, Queens County, dated March 8, 1968, in favor of plaintiff, except that they do not appeal from the decretal paragraph thereof which adjudges that the persons purportedly elected as the trustees and officers of the corporation at the March 20, 1965 meeting are not the duly and legally elected trustees and officers. Judgment reversed insofar as appealed from, on the law and the facts, with costs, and judgment declared in favor of defendants (1) that plaintiff is not a member in good standing of the corporate defendant, Ukrainian Autocephalic Orthodox Church of St. Volodimir, Inc.; (2) that plaintiff, having ceased to be a member of said defendant, his rights and beneficial interests in its property ceased and he no longer has standing to sue in relation thereto; and (3) that plaintiff must pursue his administrative remedies provided by said defendant and by the Ukrainian Orthodox Church of the United States of America before he may apply to the civil courts for relief. A church has a right to determine the qualifications for membership; whether one is a member in good standing is a matter of an ecclesiastical nature, relating to the government and discipline of the church; and the church's decision as to such a matter is binding on the courts (*People ex rel. Dilcher* v. *German United Evangelical St. Stephen's Church,* 53 N. Y. 103; *Westminister Presbyterian Church* v. *Trustees of Presbytery of New York,* 142 App. Div. 855, app. dsmd. 202 N. Y. 581; *Matter of Kaminsky,* 251 App. Div. 132, affd. 277 N. Y. 524). A corporation possesses the inherent power to remove a member, officer or director for cause, regardless of the presence of a provision in its charter or by-laws providing for such removal (*Matter of Grace* v. *Grace Inst.,* 19 N Y 2d 307, 313, and cases cited therein). A member of a church who is expelled from membership must exhaust his administrative remedies within the church

before making an application to the civil courts for redress (Religious Corporations Law, § 5; *Harosym* v. *St. John's Greek Catholic Church*, 239 App. Div. 563). An expelled member of a church has no status to attack a church meeting which occurred after his expulsion from the church. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.