■ In the Matter of ANDREW KISSEL et al., Appellants, v RUSSIAN ORTHODOX GREEK CATHOLIC HOLY TRINITY CHURCH OF YONKERS et al., Respondents. — In a proceeding pursuant to section 618 of the Not-For-Profit Corporation Law to compel the respondent church to hold a membership meeting to elect officers and trustees, petitioners appeal from an order of the Supreme Court, Westchester County (Slifkin, J.), entered May 10, 1983, which denied the petition. ¶ Order affirmed, with costs. ¶ Petitioners seek to compel the respondent Russian Orthodox Greek Catholic Holy Trinity Church of Yonkers to hold a membership meeting to elect officers and trustees of the church committee, the governing body of the church. Article XII of the church's by-laws provides that the officers and trustees are to be elected at an annual meeting. The last annual meeting took place on or about June 13, 1982, at which some individuals were elected to certain offices. The petitioners allege that the results of this election have been ignored by the church committee, without justification, and that the committee has refused to convene any subsequent meeting for the purpose of holding elections. As a result, the present committee members remain in office without authority. ¶ The opposition agrees that an annual meeting of parishioners had been held on June 13, 1982 for the election of committee members. However, it is argued that, after the election, many parishioners protested to the bishop that certain members who voted were not members in good standing. After investigating the matter, the bishop abrogated the election. He further ordered that the former committee members stay in office and that a future annual meeting be held in abeyance until a list of parishioners in good standing could be submitted to, and approved by, him. ¶ The issue thus presented is whether the bishop had the authority to take these actions in the face of petitioners' assertions that the church is not subject to the hierarchical authority of the Orthodox Church in America. ¶ The church's certificate of incorporation dated February 27, 1924 recites its name to be "The Russian Orthodox Greek Catholic Holy Trinity Church of Yonkers

New York", but is silent upon the issue of the church's place in a religious hierarchy. ¶ According to the church's by-laws, all prospective members "must * * * sign the By-laws and promise to obey them" (art IV, § 2). Section 3 of article IV recites that "[a]ctive parishioners are those who pay regularly the annual dues to the church [and] dues to the Central Diocesan Establishments". Section 1 of article V provides that the parishioners' duties include "respecting their Bishop and the servants of God he appoints, obeying them in matters of faith and the church". Pursuant to section 2 of article 5 a parishioner cannot become a full member until he has been a member for six years and "paid all dues", which, by implication, includes dues to the Central Diocesan Establishments as discussed in section 3 of article IV, set forth above. ¶ Section 1 of article VII, dealing with the selection of the church rector, notes that the selection "shall be affirmed by the Bishop; the Rector may also be appointed by the Bishop himself" with the consent of the majority of the parishioners. The rector cannot leave the parish without the bishop's consent. Section 3 of article VI notes that "[t]he Rector shall at all times be subject to the order and control of the Eparchial Bishop". ¶ Upon this record, we conclude that Special Term properly found the church to have subjected itself to the hierarchical ecclesiastical authority. It has long been the rule that a church has a right to determine the qualifications of membership; whether one is a member in good standing is a matter of an ecclesiastical nature, relating to the government and discipline of the church; and the church's decision as to such a matter is binding on the courts (*People ex rel. Dilcher v German United Evangelical St. Stephen's Church,* 53 NY 103; *Matter of Kaminsky,* 251 App Div 132, affd 277 NY 524; *Rodyk v Ukrainian Autocephalic Orthodox Church,* 31 AD2d 659). Thus, the bishop has the power to determine who is a member in good standing. The matter of when there is to be a new meeting must await the action of the bishop. ¶ The church argues that the issue presented herein has been rendered moot because a list of members in good standing has now been presented by the rector and approved by the bishop and that an annual meeting was conducted at the church on January 29, 1984. Petitioners do not acknowledge such an election; in their reply brief they assert that they "had no notice" of a "purported" election. We have no evidentiary basis to pass upon this disputed claim of mootness. If such action has been taken, an analysis of its propriety must await further action by petitioners. Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.