■ In the Matter of VLAICU IONESCU, Individually and as President of the Parish Council of St. Mary's Romanian Orthodox Church, Respondent, v CONSTANTIN BARBU et al., Appellants. [680 NYS2d 653] —In a proceeding pursuant to Not-For-Profit Corporation Law § 618, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), entered March 13, 1998, which, *inter alia,* set aside the results of an election to the Parish Council of St. Mary's Romanian Orthodox Church, held on February 2, 1997.

Ordered that the order and judgment is modified, on the law, by deleting the first decretal paragraph thereof, which set aside the results of the election held on February 2, 1997, and substituting therefor a provision enjoining the Parish Council purportedly elected on February 2, 1997, from acting in that capacity; as so modified, the order and judgment is affirmed, with costs to the respondent.

The instant proceeding initially was commenced in July 1997 as an action for injunctive relief against the Parish Council of St. Mary's Romanian Orthodox Church purportedly elected on February 2, 1997. The Supreme Court converted it into a special proceeding pursuant to Not-For-Profit Corporation Law § 618. After service of an order to show cause and amended petition requesting that the results of the February 2, 1997, election be set aside as null and void and the Parish Council purportedly elected on February 2, 1997, be enjoined from acting, the appellants claimed that the proceeding was time-barred by the four-month Statute of Limitations under CPLR 217 (*see, Egan v Niagara Mohawk Power Corp.,* 214 AD2d 850; *Matter of Uranian Phalanstery 1st N. Y. Gnostic Lyceum Temple,* 155 AD2d 302).

The Supreme Court, without discussing the issue of the Statute of Limitations, held, based upon evidence in the record of multiple irregularities, that the results of the February 2, 1997, election were "clouded with doubt", and should be set aside. The order and judgment appealed from sets aside the result of that election and orders a new election. On appeal, the appellants reiterate their contention that the instant proceeding is time-barred.

By letter dated February 6, 1997, Bishop Nathaniel Popp, the head of the Romanian Orthodox Episcopate of America, which governs Saint Mary's Romanian Orthodox Church, informed the parish that the Episcopate did not recognize the results of the February 2, 1997, election, and directed a new election. In so doing, the Bishop cited many of the same irregularities cited by the Supreme Court.

Thus, at the time the instant proceeding was commenced, the results of the February 2, 1997, election had already been set aside by the Bishop. The issue before the Supreme Court was, therefore, not whether the results of the election should be set aside, but whether the Bishop acted within his authority, warranting injunctive relief barring the individuals purportedly elected from acting in the capacity of members of the Parish Council.

The constitution and by-laws of the Romanian Orthodox

Episcopate of America provide that the Episcopate has the authority to rule on challenges to an election within 60 days. Consequently, the Bishop's action was timely and within his authority (*see, Matter of Kissel v Russian Orthodox Greek Catholic Holy Trinity Church,* 103 AD2d 830). Accordingly, the Supreme Court should have granted injunctive relief against those individuals purportedly elected to the Parish Council on February 2, 1997. Such relief was not time-barred (*see, Sova v Glasier,* 192 AD2d 1069).

The appellants' remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.