Tilghman C. J.
John Hansell, a member of “ The Pennsylvania Beneficial Institution,” having been expelled from the society, and applied to this Court for a mandamus to restore him, the officers of the corporation have made a return, shewing cause why the said Hansell should not be restored to the rights of a member. It appears by the return, that by the articles of incorporation each member is to pay fifty cents in specie as a monthly contribution, and should any member neglect to pay his contribution for three months he is to be expelled. Hansell is stated to have been three months in arrears, as was reported by a committee appointed for the purpose of making inquiry on that subject, whereupon he, together with others who were found to be in the like situation, were struck off the roll, as having forfeited their rights of membership in the society. There was no vote of expulsion, because in the opinion of the officers who have made return to the'mandamus, the non-payment of their contribution for three months, was, ipso facto, a forfeiture of membership. But this appears to me to be a misconstruction of the charter. The provision of the 14th article, sect. 2, is, “ that should any member neglect to pay his arrear- “ ages for three months, he shall be expelledP There must be some act of the society,then, declaring the expulsion, and. this cannot be without a vote of expulsion, after notice to the member supposed to be in default. For it may be, that he may either prove that he is not in arrears, or give such reason for his default as the society may think sufficient. If he is present when the subject is taken up, and willing to enter *142 into the inquiry immediately, there is no occasion for further notice. But no man should be expelled in his absence without notice. It appears, that Hansell was present, but no question was made, nor any vote taken on his expulsion. He had an excuse to offer, viz. that the society was indebted to him, for his services as secretary, in a larger sum than the amount of the arrears of his monthly contribution. And. bad he urged this defence when the question on his expulsion was put, there is no saying what influence it might have had on the vote. Be that as it may, he ought to have had the opportunity. The terms of the charter have not been complied with. I am, therefore, of opinion, that a peremptory mandamus should issue.
Yeates J. and Brackenridge J. concurred.
Peremptory mandamus awarded.