**GUADALUPE VALLEY ELECTRIC COOP-ERATIVE, INC. et al., Appellants,**

v.

**SOUTH TEXAS CHAMBER OF COM-MERCE et al., Appellees.**

No. 14166.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 18, 1963.

Powell, Rauhut, McGinnis, Reavley & Lochridge, Tom Reavley, B. D. St. Clair, Austin, Franklin S. Spears, San Antonio, Fred V. Klingeman, Karnes City, John A. Romberg, Gonzales, Cullen B. Vance, Edna, for appellants.

Theo. F. Weiss, Edward R. Finck, Jr., San Antonio, for appellees.

MURRAY, Chief Justice.

Guadalupe Valley Electric Cooperative, Inc., and two other electric cooperative corporations brought this suit against South Texas Chamber of Commerce, a corporation, and two of its officers, seeking a declaratory judgment, and injunctive relief to achieve equal treatment within that Chamber of Commerce organization, particularly in the publication of advertising in its official magazine, the South Texan. Following the filing of the suit, the South Texas Chamber of Commerce Board of Directors attempted to terminate the memberships of the plaintiffs. The Electric Cooperatives then amended their petition to establish their membership status in the South Texas Chamber of Commerce. The trial court held that plaintiffs' memberships in the South Texas Chamber of Commerce had been effectively terminated and that they were not entitled to the injunctive relief they were seeking; from which judgment the three cooperative corporations have prosecuted this appeal.

If appellants' memberships in the South Texas Chamber of Commerce have been legally and effectively terminated, then their equal treatment as members becomes a moot question.

We will first discuss the question of the termination of their memberships in the Chamber. The trial court made and filed the following findings of fact:

"1. The Defendant, South Texas Chamber of Commerce, is a private corporation, duly incorporated under the laws of the State of Texas; and is a nonprofit organization having no capital stock.

"2. Plaintiffs, Guadalupe Valley Electric Cooperative, Inc., Karnes Electric Cooperative, Inc., and Jackson Electric Cooperative, Inc., are corporations incorporated under the laws of the State of Texas.

"3. It, the South Texas Chamber of Commerce, is financed by membership dues and private subscription, and is a service organization, having for its purpose, the promotion of the development, growth and prosperity, and the welfare of Texas in general, and South Texas in particular. Its activities are also devoted to the dissemination of information to its membership by mail, the sponsoring of conferences on problems of agriculture and industry, and other matters of interest to its membership pertaining to the political and economic welfare of the State of Texas and South Texas in particular.

"4. The minimum dues for membership in the South Texas Chamber of Commerce were, at all times material to this controversy, the sum of $25.00 per year, which said sum the Plaintiffs paid to Defendant per year per membership; but the cost per year to perform its services to each of its members was the sum of $38.00.

"5. Guadalupe Valley Electric Co-operative, Inc., became a member of the South Texas Chamber of Commerce on December 18, 1957; Jackson County Electric Cooperative, Inc., became a member on August 19, 1957; and Karnes County Electric Cooperative, Inc., became a member on January 28, 1959; and at the time that each of the foregoing Plaintiffs became members of the South Texas Chamber of Commerce the by-laws of the South Texas Chamber of Commerce made no provision for the approval of the membership of its members.

"6. The above and foregoing Plaintiffs continued as members of the South Texas Chamber of Commerce, paying their dues annually and regularly until the expiration of their anniversary dates.

"7. That in October, 1961, by mail referendum, a proposition was submitted to the Board of Directors of the Chamber of Commerce to amend Section 1, Article 3, of the By-laws of the Defendant Corporation to provide for the language contained in Plaintiffs' Exhibit No. 6, which amendment added this clause: *'Provided, however, that all such membership applications and/or renewals of membership shall be accepted subject to approval of the Membership and Finance Committee.'* Subsequent to the mailing of such referendum to the Board of Directors, the votes of the Board having been returned and tabulated, it was revealed by such tabulation that the Board of Directors had adopted such amendment as hereinabove set out, by a vote of 60 for the adoption and none opposed.

"8. On January 18, 1962, at a meeting of the Board of Directors of the South Texas Chamber of Commerce, the motion was made and carried to reject the renewal of the memberships of the Plaintiffs herein; and pursuant to which resolution the renewal membership checks of the Plaintiffs were returned to them.

"9. On October 23, 1961, the Plaintiffs filed their Original Petition in this cause.

"10. Thereafter, on October 22, 1962, at the regular annual meeting of the membership of the South Texas Chamber of Commerce the resolution was proposed to amend Section 1, Article 3, of the By-laws of the South Texas Chamber of Commerce by adding the following language: 'That membership applications and/or renewals of memberships shall be accepted subject to the approval of the Membership and Finance Committee' which said resolution was seconded and thereupon adopted by a unanimous vote of the general assembly of the membership.

"11. Following the meeting of the general assembly of the membership of the South Texas Chamber of Commerce, at a special called meeting, the Board of Directors convened at 11:30 o'clock a. m. of the same date and the amendment of the by-laws, as hereinabove set out, by the general assembly of the membership was ratified by said Board of Directors and Section 1, Article 3 of the by-laws thereafter was to read as follows: 'Any individual, firm, corporation, or organization of good standing, having vested or other interests in South Texas, or interests associated with South Texas, shall be eligible to membership upon payment of dues as prescribed in this Article, *provided, however, that all such membership applications and/or renewals*

*of membership shall be accepted subject to approval of the Membership and Finance Committee.'*

"12. At the same Annual Meeting of the Membership of the South Texas Chamber of Commerce it was proposed and adopted that Section 2 of Article 3 of the By-laws shall read as follows: 'Types of membership shall be defined and minimum dues for each classification shall be fixed by the Membership and Finance Committee, which shall be composed of all members of the Board of Directors.'

"13. At the special called meeting of the Board of Directors of the South Texas Chamber of Commerce held on October 22, 1962, and after the adoption of the amendments by the general assembly of said Chamber, and after the ratification of such adoption by the Board of Directors of such amendment, the further resolution or proposal was made that the action of the Board of Directors rejecting renewals of the memberships of the Plaintiffs be ratified and confirmed, which resolution or proposal was unanimously adopted by the Board of Directors at such meeting on such date.

"14. That at all times material to this cause of action the By-laws of the South Texas Chamber of Commerce contained no provision for the expulsion of its membership, as such.

"15. Pursuant to the amendment to Section 1, Article 3, of the By-laws of the South Texas Chamber of Commerce the applications for the renewal by the Plaintiffs of their membership have been rejected.

"16. The members of the South Texas Chamber of Commerce acquire no distinct individual property right under a contract or other obligation of the South Texas Chamber of Commerce by virtue of their membership

in the South Texas Chamber of Commerce.

"17. The members of the South Texas Chamber of Commerce acquire no property right as such by reason of their membership in the South Texas Chamber of Commerce.

"18. The Plaintiffs have lost no property right on account of the Chamber's failure to renew their respective memberships; neither have they lost a pecuniary right on account of the Chamber's failure to renew their respective membership, nor have they lost a contractual right on account of the Chamber's failure to renew their respective membership; and that Plaintiffs have suffered no damages because of the failure of the Chamber to renew their respective membership.

"19. In one material aspect, at least, the principles, purposes and policies of the Plaintiffs have become inimical to the principles, purposes and policies of the South Texas Chamber of Commerce, and its membership, which inimical condition became obvious as far back as the early part of 1961 with regard to legislation then proposed in the legislature by the Plaintiffs.

"20. The South Texas Chamber of Commerce did not expel the Plaintiffs from membership; neither did it attempt to expel them from membership in the South Texas Chamber of Commerce. The membership of members in the South Texas Chamber of Commerce expire on the annual anniversary date of said membership; and Plaintiffs' memberships automatically expired on their respective anniversary dates."

■ It is clear that a membership in the Chamber began upon the date the application for membership was received and terminated just one year later, on the an-

niversary date. Membership could be renewed for one year by payment of annual dues, provided such payment was accepted by the Membership and Finance Committee of the Chamber. When the Committee refused to accept appellants' dues their respective memberships were terminated. While appellants were eligible to become members of appellee Chamber, they did not have a right to compel appellee to accept them. Washington Branch of American Association of University Women v. American Association of University Women, D. C., 79 F.Supp. 88; Gold Knob Outdoor Advertising Co. v. Outdoor Advertising Association, Tex.Civ.App., 225 S.W.2d 645; Harris v. Thomas, Tex.Civ.App., 217 S.W. 1068.

■ The trial court properly held that appellants' membership renewals were validly and legally rejected, because the by-laws amendment, which specifically authorized such action, was valid and did not defeat or impair any vested right of appellants. The by-laws were amended in the way provided in the constitution giving the Board of Directors the right to reject applications for renewal of memberships and such Board unanimously voted to reject the renewal of appellants' memberships. Stevenot v. Norberg, 9 Cir., 210 F.2d 615; Quilliam v. Hebbronville Utilities, Tex.Civ. App., 241 S.W.2d 225; Cline v. Insurance Exchange of Houston, 140 Tex. 175, 166 S.W.2d 677. "Courts are not disposed to interfere with the internal management of a voluntary association. The right of such an organization to interpret its own organic agreements, its laws and regulations, after they are made and adopted, is not inferior to its right to make and adopt them. And a member, by becoming such, subjects himself, within legal limits, to his organization's power to administer, as well as to its power to make, its rules." Brotherhood of Railroad Trainmen v. Price, Tex. Civ.App., 108 S.W.2d 239.

■ This is not a case of expulsion of members, but merely a refusal to accept appellants' renewal of membership. Such action does not require notice and hearing. Manning v. San Antonio Club, 63 Tex. 166; Lone Star Lodge No. 1,935, etc. v. Cole, 62 Tex.Civ.App. 500, 131 S.W. 1180.

Inasmuch as appellants ceased to be members of South Texas Chamber of Commerce when their renewals were rejected, the question as to their right to receive equal treatment with members of the Chamber becomes moot.

The judgment is affirmed.

BARROW, J., disqualified and not sitting.