Thomas S. LAWRENCE, et
ux., Appellants,

v.

RIDGEWOOD COUNTRY CLUB, et
al., Appellees.

No. 10–81–181–CV.

Court of Appeals of Texas,
Waco.

June 24, 1982.

Rehearing Denied July 15, 1982.

Paul Schaumburg, Wetzig, Schaumburg & Associates, P.C., Duncanville, for appellants.

Larry O. Brady, Beverly Willis, Naman, Howell, Smith, Lee & Muldrow, P.C., John B. McNamara, McNamara & McNamara, Waco, for appellees.

### OPINION

CHASE, Justice.

Appellant appeals from an adverse summary judgment in a case involving suspension of his membership in the appellee club. In reviewing this summary judgment record, we apply the rules set out in *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–593 (Tex.1975).

The affidavits revealed that Appellant, a club member, was at the club playing cards with four other men on two occasions in January 1980 when alcoholic beverages purchased off the premises were brought into the clubhouse and consumed by the men. Appellant could not remember whether he had drunk any of the liquor. The man who brought the liquor into the club was rowdy and somewhat belligerent. Ash trays were emptied into a bread basket and beer bottles were broken when thrown at or into a trash can.

Because bringing liquor, not purchased at the club, into the clubhouse could result in the club losing its liquor license, the club promulgated a rule prohibiting it. Under this rule the executive committee (club officers) investigated the two instances. The committee, through a club receptionist, contacted the five men and asked that they meet with the committee. The Appellant had a prior engagement to play racquet ball at the club and did not attend the meeting. All others involved attended.

Subsequently, the club's attorney notified Appellant his attendance was requested at another meeting to discuss the incidents. Even though Appellant was at the club at the time of the meeting, he refused to meet with the executive committee. The committee recommended all involved be suspended from the club for two weeks except

Appellant whom they recommended be expelled from the club. The club's attorney then notified Appellant he would be given an opportunity to defend himself at a meeting with the Board of Directors against seven specified charges of misconduct. The charges included (a) consuming liquor on the club premises which was not purchased at the club and, (b) refusing to meet with the executive committee on the two occasions when his presence was requested. Appellant received this notice four days before the meeting took place.

Appellant appeared at the meeting, gave his version of what happened, and asked that he be suspended for four weeks rather than expelled. The Board of directors voted to suspend Appellant for six months and to charge him the $757.50 attorney's fees incurred in the investigation.

Appellant brought suit alleging he had been wrongfully suspended, the suspension had libeled and slandered him, and his business relations had been harmed. Appellees moved for summary judgment stating that all Appellant's allegations were based on the decision of the Board of Directors and that the courts may not review the actions of a private social club with regard to its members as long as the club does not violate its own rules. Summary judgment was granted by the court.

Appellant's four points of error essentially assert club actions are subject to review, and fact questions existed which precluded proper granting of the summary judgment.

 The law is well-settled in Texas that a court will not intervene in the internal management and disciplinary processes of a private club unless the club violates its own rules and procedures. *Manning v. The San Antonio Club,* 63 Tex. 166, 169 (1884); *Dallas Athletic Club Protective Committee v. Dallas Athletic Club,* 407 S.W.2d 849, 850 (Tex.Civ.App.—Austin 1966, writ ref'd n.r. e.); *Evans v. Southside Place Park Ass'n, Inc.,* 154 S.W.2d 914, 917 (Tex.Civ.App.—Galveston 1941, writ ref'd w.o.m.); *Brotherhood of Railroad Trainmen v. Price,* 108 S.W.2d 239, 241 (Tex.Civ.App.—Galveston

1937, writ dism'd). The reason for this is that club members impliedly agree to abide by the rules of the club when they join it. *Evans v. Southside Place Park Ass'n,* supra.

 The Ridgewood Country Club By-laws provide that the Board of Directors may hear and determine any charges made against a member and may reprimand, suspend, and expel a member. Private discipline may be imposed on a majority vote, but public reprimand, suspension, or expulsion requires a vote of ten of the fifteen Board members. This may be done as a result of any "violation of any Bylaw or Rule of the Club or conduct which, in the opinion of the Board, is prejudicial to the Club's welfare or to the good order and discipline therein or upon its premises, or any improper usage of the Club or its property."

The bylaws further provide that no member may be suspended for a period in excess of two weeks until he is given an opportunity to present a defense. Appellant contends he was entitled to a trial type hearing with an opportunity to cross-examine witnesses and cites *Masonic Grand Chapter of Order of Eastern Star v. Sweatt,* 329 S.W.2d 334 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). That case is clearly distinguishable. Sweatt was entitled to direct pecuniary benefits because of her membership; Appellant was not. Appellee is purely a social club.

Furthermore, Appellant was given three opportunities to present his version of what happened. When he finally did appear, the directors treated him with courtesy and allowed him to discuss all the violations of club rules with which he was charged. Under the circumstances, he received much more due process than Sweatt.

Appellant also complains that the board's action was undertaken with malice and in bad faith. However, he bases this on no more than a "feeling", and the fact that he received a more severe suspension than the other men. It is undisputed that Appellant failed to cooperate with the investigation of the governing authorities into a potentially serious series of instances at which he was admittedly present. It was this action which was a major factor in the disciplinary sanction imposed. Thus, these points of error are without merit.

Finally, Appellant's points of error regarding the alleged defamation and the damage to his business reputation are also without merit as they are based on the board's actions in accordance with its bylaws. The club violated none of its rules by suspending Appellant; therefore, we will not review their actions. *Manning v. The San Antonio Club,* supra.

The judgment of the trial court is affirmed.