THE STATE, ARTHUR J. KEER, PROSECUTOR, v. CHARLES A. OLIVER.

In a declaration charging willful and malicious injury to a chattel, allegations of bailment and implied contract to use care and return the chattel in good condition are recitals by way of inducement only. The action is *ex delicto,* and misjoinder of defendants will not defeat it.

---

On *certiorari* to Middlesex Pleas.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Freeman Woodbridge.*

For the defendant, *George S. Silzer.*

The opinion of the court was delivered by

COLLINS, J. The writ in this case removes a judgment against the prosecutor in an action of tort, on appeal from a Court for the Trial of Small Causes. The suit was brought against the prosecutor and two other defendants. The state of demand was in substance as follows :

" The plaintiff complains of the defendants for this, that heretofore, to wit, on, &c., at, &c., the plaintiff loaned to the defendant a wagon, &c., for the purpose of being used by the defendants, &c., which said wagon was to be used by the defendants with ordinary care and was to be returned to the plaintiff in good condition, ordinary wear and tear excepted ; and for that the defendants, instead of using the said wagon with ordinary care, willfully and maliciously injured the same [stating the particulars], whereby the said wagon is injured and has been rendered useless to the said plaintiff two hundred dollars."

The proof was that the other defendants were the bailees of the wagon, and that the prosecutor, who was riding with them, willfully and despite their protest, defaced and otherwise injured it.

At the trial before the justice the prosecutor moved for a nonsuit and afterwards for judgment in his favor, because of variance of the proof from the demand and because of the misjoinder with him of his codefendants. No amendment was prayed or ordered. The motions were denied and judgment was rendered against all three defendants. The prosecutor appealed, caused a severance of the other defendants and relied in the Common Pleas, as here, upon the objections above recited. They have no force. The action was strictly *ex delicto.* The bailment of the wagon was stated in the demand by way of inducement only. No amendment was necessary.

There was a clear misjoinder, and the justice should have ordered a nonsuit or affirmative judgment in favor of the two defendants wrongly joined; but the prosecutor cannot complain of the error. In actions of tort a misjoinder of defendants does not defeat recovery against any or either proved to be guilty. A *nolle prosequi* as to any defendant may be entered at a plaintiff's will. *Allen* v. *Craig*, 1 *Gr.* 294.

On the trial of the appeal, as the prosecutor alone was in court, the judgment rendered was the only one possible and it should be affirmed, with costs.