POST NO. 581, AMERICAN LEGION, DEPARTMENT OF TEXAS, Appellant,

v.

DEPARTMENT OF TEXAS, AMERICAN LEGION, Appellee.

No. 15702.

Court of Civil Appeals of Texas.

Fort Worth.

April 20, 1956.

Rehearing Denied June 1, 1956.

John A. Rawlins, Dallas, for appellant.

Warren G. Moore, Tyler, for appellee.

BOYD, Justice.

This is an appeal by Post No. 581, American Legion, Department of Texas, from a judgment sustaining a plea in abatement filed by appellee Department of Texas, American Legion.

Appellant sued appellee, alleging that its band was the winner of a contest held in connection with the State Convention of appellee in July, 1954, and that, according to the rules promulgated by appellee, the winning band was entitled to receive from appellee's musical organizations fund the sum of $164 per man for its 40 band members, said amount to be applied on the expenses of the band members in attending the National Convention of the American Legion. Appellant alleged that it had received from appellee only $4,000 and judgment was asked for $2,560 and $500 attorney's fees. Appellant asked for and was granted an ex parte temporary restraining order restraining appellee from disposing of any money in its musical organizations fund, and prayed for a temporary injunction upon hearing.

Appellee filed a plea in abatement, alleging in substance as follows: (1) that appellant was without legal authority and capacity to sue in its name; (2) that appellant failed to include as party plaintiffs the names of the members of the band which it alleged was entitled to the money sued for, and that said individual members are indispensable parties; (3) that appellant failed to exhaust its remedies under the Constitution and By-Laws of the American Legion, Department of Texas, by appealing to its Convention; and (4) that appellant had not been chartered by the Department of Texas, American Legion, and had failed to allege whether it is an association, corporation or what other legal existence or status it maintains.

Upon a hearing, the court dissolved the temporary restraining order, denied the application for a temporary injunction, and sustained the plea in abatement.

It was shown that appellee holds in connection with its annual convention a contest of musical organizations under rules promulgated by its Department Executive Committee, acting under recommendations of its Musical Organizations Committee; that on February 27, 1954, the Musical Organizations Committee recommended that appellee be represented at the National Convention of the American Legion by the winners of the musical contests to be held at the State Convention in Fort Worth in July, 1954, and that the expenses of the winning groups in attending the National Convention be paid out of the musical organizations fund to the extent of the accumulated amount, to be prorated on the basis of 64 men, 40 men representing the winning band and 24 men representing the winning Drum and Bugle Corps. The winning groups were not required to compete in contests at the National Convention. The recommendations were adopted by the Department Executive Committee.

Prior to the 1954 State Convention, the Department Adjutant announced to the prospective contestants and to the membership in general that the musical organizations fund amounted to $10,500, which would be prorated among 64 men. A pamphlet was distributed by the Adjutant, containing the rules of the band contest.

The band representing appellant won the contest. At that time there was in full force and effect a By-Law of the Department of Texas, American Legion, providing that the finance and budget committee should budget all funds except 15 cents per capita, which constituted the musical organizations fund. After appellant's band won the contest, the Convention then in session attempted to amend the By-Laws to provide that "the funds raised by fifteen cents (15¢) per capita reserved herein shall be budgeted by the finance committee, subject to the approval of the Department Executive Committee." Thereafter, the Executive Committee voted to send other units, making a total of 105 men, to the National Convention and to allot $100 per man for expenses instead of $164 per man for 64 men. Appellant's band received $4,000 from that fund for its expenses to the Convention. The expenses were more than

$164 per man, and appellant paid all the expenses in excess of that amount.

In view of our disposition of the appeal, we do not determine whether the change in the By-Laws was effectual to bar the claim.

Appellee's Constitution and By-Laws provide that between conventions the administrative powers of the Department shall be vested in the Department Executive Committee. Appellant, between conventions, submitted a claim for $2,560 to that Committee, which declined to approve it. The claim was not presented to a State Convention. The Constitution and By-Laws provide that before aggrieved parties may resort to the courts they must exhaust their remedies "under the Constitution and By-Laws."

■ While courts have no general supervision over the internal affairs of a fraternal or patriotic organization, they will interfere, among other instances, when property rights are invaded. 7 C.J.S., Associations, § 34, p. 80. Although the weight of authority seems to be that parties must exhaust their remedies in the organization before resorting to the courts, it has been held that such is not requisite in every case involving a money demand. Local Lodge No. 104, etc. v. International Brotherhood of Boiler Makers, etc., 158 Wash. 480, 291 P. 328. And in Roxbury Lodge, No. 184, I. O. O. F. v. Hocking, 60 N.J.L. 439, 38 A. 693, 694, 64 Am.St.Rep. 596, it was said: "The general rule is that, to secure property rights or enforce money demands, the member may, in the first place, prosecute his claim in the civil courts."

■ Appellee's Constitution and By-Laws set up a tribunal with jurisdiction in "all matters of discipline involving subordinate units or individual members." We fail to find any broader jurisdiction for its tribunal. We are of the opinion that a rule requiring members of voluntary associa-

tions to exhaust their remedies within the order before resorting to the courts, applies primarily to matters of internal discipline and not to matters affecting property rights, unless by express provision or necessary implication the latter are embraced in the jurisdiction of the association's tribunal. Moreover, it appears that appellant exhausted its remedies by appealing to the Department Executive Committee, which had authority to act for appellee between conventions.

■ We cannot hold that appellant is not properly chartered by the Department of Texas, American Legion, or that it is without capacity to sue. A one-year temporary charter was issued to appellant and was surrendered at the end of that period with an application for a permanent charter. It is not clear that a permanent charter was ever issued; but it is clear that appellee continued to accept dues from appellant, issued membership certificates, and in every way recognized appellant as a local post. Appellee's Musical Organizations Committee declared that appellant's band won the contest, and paid $4,000 for expenses of the band members to the National Convention. If appellant is not a de jure post, it is at least a de facto one.

■ We think that appellant can maintain a suit for a claim belonging to it. Rule 28, Texas Rules of Civil Procedure, provides that "A partnership or other unincorporated association, or an individual doing business under an assumed name, may sue or be sued in the partnership, assumed or common name for the purpose of enforcing for or against it a substantive right."

■ We believe, however, that the action of the court in sustaining the plea in abatement must be upheld on the ground that the individual band members are the owners of the disputed claim and are necessary parties. They participated in the contest. They practiced, drilled, and re-

hearsed. Their expenses were to be paid to the National Convention to the extent of $164 per man, if the subsequent change in the By-Laws was ineffectual. There is nothing in the record to warrant us in overturning the implied finding of the court that the band members, and not appellant, own the claim in controversy, if any claim there be. It is true that appellant paid all expenses in excess of $100 per member which the band members incurred in attending the National Convention, but it does not necessarily follow that by doing so appellant became the owner of the claim.

Appellant alleged that appellee diverted "money rightfully belonging to the winning band and Drum and Bugle Corps;" and that "this claim is for personal services' rendered." It was necessary that only 80 per cent of the members of competing musical groups be members of the American Legion.

 Appellant cites Brotherhood of Railroad Trainmen v. Cook, Tex.Civ.App., 221 S.W. 1049, as authority for the contention that the band members are not necessary parties. We do not so construe that case. 67 C.J.S., Parties, § 22, p. 940, states the rule in Texas to be that "the test of whether there is a sufficient joinder of all necessary parties plaintiff is whether the judgment, if it is favorable to defendant, will protect defendant against a subsequent suit involving the same subject matter, and that all persons at interest must be parties to suits affecting their rights." The expense allowance was in the nature of a reward for proficiency, if not compensation for arduous work. It was personal, and belonged to those who had earned it. In the absence of any evidence that title to the claim had been transferred to appellant, we cannot say that the court erred in holding that the band members are necessary parties.

The judgment is affirmed.