**DALLAS ATHLETIC CLUB PROTECTIVE COMMITTEE et al., Appellants,**

v.

**DALLAS ATHLETIC CLUB, Appellee.**

**No. 11445.**

Court of Civil Appeals of Texas.

Austin.

Oct. 26, 1966.

Rehearing Denied Nov. 16, 1966.

Andress, Woodgate, Richards & Condos, Wm. Andress, Jr., Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellee.

ARCHER, Chief Justice.

This is a summary judgment case, where both parties moved for summary judgment on the pleadings, admissions, and interrogatories. There are no affidavits or depositions.

The suit had for its purpose allegedly to stop diversion of certain funds and actions in violation of the By-Laws, by the board members.

The Club has approximately 2600 members and owns and operates a Country Club, and owns 90% of the capital stock of a large office building, with assets in excess of Two and a half million dollars.

The Club operates under By-Laws, with a Board of 15 directors, ⅓ elected annually.

Originally, complaint was made as to the use of a property improvement fund but this fund has been abolished and is no longer at issue in the case.

The motions for summary judgment were heard and considered, and the motion of appellants was overruled and that of appellee sustained, and from this judgment this appeal was taken.

We believe that the trial court was justified in denying appellants the relief sought and correctly granted appellee a summary judgment.

The record herein is long but we have carefully considered it, and an intervention in the internal affairs of this association is not warranted.

The individual appellants, (three in number) do not have property rights such as to give them a litigable interest in the matters involved herein.

The election of directors in March 1965 was in substantial compliance with the By-Laws, and does not require intervention by the courts.

The Dallas Athletic Club is a voluntary association for athletic, health and social purposes, organized as a non-profit corporation.

Gaines v. Farmer, 55 Tex.Civ. App. 601, 119 S.W. 874, error dism., w. o. j., which even appellants recognize to be a leading case in this field, states:

"We think it is a well-established rule of law that the civil courts will not interfere with the internal operations of such associations of private individuals, or assume to review their failure to conduct their business affairs according to the laws and rules of the order, except for the purpose of protecting some civil or property right of the party complaining."

This principle continues to be followed by our courts down through the latest cases, such as Guadalupe Valley Electric Cooperative, Inc. v. South Texas Chamber of Commerce, Tex.Civ.App., 374 S.W.2d 329 (1963), dealing with a non-profit corporation financed by membership dues and private subscription and holding applicable to it the language of Brotherhood of Railroad Trainmen v. Price, Tex.Civ.App., 108 S.W.2d 239, that:

"Courts are not disposed to interfere with the internal management of a voluntary association. The right of such an organization to interpret its own organic agreements, its laws and regulations, after they are made and adopted, is not inferior to its right to make and adopt them, and a member, by becoming such, subjects himself, within legal limits, to his organization's power to administer, as well as to its power to make, its rules."

In Hoey v. San Antonio Real Estate Board, Tex.Civ.App., 297 S.W.2d 214, opinion by Justice Pope, now on the Supreme Court, the Court in dealing with an incorporated voluntary association, declared:

"We are here dealing with a voluntary association, not an act of the Legislature. The applicable rule is stated in Brotherhood of Railroad Trainmen v. Price, Tex.Civ.App., 108 S.W.2d 239, 241, which states:

'* * * To say that the courts may exercise the power of interpretation and administration reserved to the governing bodies of such organizations

would plainly subvert their contractual right to exercise such power of interpretation and administration. So long as such governing bodies do not substitute legislation for interpretation, do not transgress the bounds of reason, common sense, fairness, do not contravene public policy, or the laws of the land in such interpretation and administration, the courts cannot interfere. Shaup v. Grand International Brotherhood, etc., 223 Ala. 202, 135 So. 327. Without such latitude of action, associations organized to promote the legitimate welfare of its members would be deprived of power to do so.' "

In Mid-West Electric Cooperative, Inc. v. West Texas Chamber of Commerce, Tex. Civ.App., 369 S.W.2d 842 (1963), the Court declared:

"To hold as appellants ask would constitute judicial intervention to change the policy of West Texas Chamber of Commerce. Courts are not to interest themselves in the internal policy of a non-profit organization such as appellee, except to see that it is fairly administered and is not contrary to law. Screwmen's Ben. Ass'n v. Benson, 76 Tex. 552, 13 S.W. 379, 380; 14 Tex.Jur.2d 342; 6 Tex.Jur.2d 532. Whether the policy be wise, be in the best interests of its membership, or be acceptable to the court are not questions justifying the interposition of judicial action."

This case affirms a summary judgment in favor of a non-profit organization.

As stated:

"A court will not, at the instance of a minority of the shareholders, interfere with the management, by its directors and officers, of the affairs of a corporation in matters involving merely the exercise of discretion. A court will not substitute its judgment, on questions of policy, for that of the governing body of the corporation, in order to decide business questions, nor set aside the acts of the majority, because the court may think that another course would have been wiser, or even that the course adopted was plainly unwise." 14 Tex.Jur.2d, Corporations, Sec. 226, p. 342.

Quilliam v. Hebbronville Utilities, Inc., Tex.Civ.App., 241 S.W.2d 225, er. ref., n. r. e.

■ The appellants have not demonstrated any valuable property rights such as would lead the courts to take jurisdiction.

Post No. 581, American Legion Department of Texas v. Department of Texas, American Legion, Tex.Civ.App., 290 S.W. 2d 712, n. w. h.

The board of directors of the Club is the proper body to interpret its By-Laws in connection with elections, submission of amendments and the requirements for special meetings, and its exercise of discretion was not such as to be overturned by the courts.

Brotherhood of Railroad Trainmen v. Price, Tex.Civ.App., 108 S.W.2d 239, er. dism., declares:

" * * * The right of such an organization to interpret its own organic agreements, its laws and regulations, after they are made and adopted, is not inferior to its right to make and adopt them."

United Brotherhood of Carpenters etc. v. Carpenters Local Union No. 14 etc., Tex.Civ.App., 178 S.W.2d 558, er. ref.

The judgment of the trial court is affirmed.

Affirmed.