M. Browning COMBS et al., Appellants,

v.

TEXAS STATE TEACHERS ASSOCIATION et al., Appellees.

No. 12383.

Court of Civil Appeals of Texas, Austin.

Feb. 25, 1976.

Rehearing Denied March 17, 1976.

Jack E. Brady, Brady, Drake & Wilson, Dallas, for appellants.

Gaynor Kendall, Kendall, Randle, Finch & Osborn, Austin, for appellees.

PHILLIPS, Chief Justice.

This is an appeal by M. Browning Combs and other members of the Texas State Teachers Association from an interlocutory order of the district court of Travis County denying their application for a temporary injunction. We affirm this judgment.

The Texas State Teachers Association, a non-profit Texas corporation, is a voluntary association of Texas teachers and school-related personnel.

The temporary injunction was requested in a suit brought by appellants against Texas State Teachers Association and its current officers seeking declaratory relief to prevent recognition and implementation of a 1975 amendment to the Association's constitution that had been approved by the Association's House of Delegates and ratified by a majority vote of the membership. This amendment made membership in the National Education Association an eligibility requirement for individual membership in the Texas State Teachers Association. Appellants contend that the 1975 amendment was so similar to an amendment that had been submitted to and rejected by the Association's membership in 1974, that the submission of the 1975 amendment was in contravention of Sections 3 and 4 of Article XIV of the Texas State Teachers Association's constitution, which provides that an amendment defeated in a referendum election, as provided for by Article XIV, may not be resubmitted sooner than two years after its rejection.

Appellants' point of error, which we overrule, states that the trial court abused its discretion in refusing to grant a temporary injunction to enjoin the defendants from enforcing the proposed 1975 amendment to the Association's constitution that made membership in the National Education Association an eligibility requirement for individual membership in Texas State Teachers Association.

In our opinion, the trial court was correct in its conclusion. We hold that the

case is controlled by this Court's decision in *Dallas Athletic Club Protective Comm. v. Dallas Athletic Club,* 407 S.W.2d 849 (Tex. Civ.App.1966, writ ref. n. r. e.). There suit was brought allegedly for the purpose of stopping the diversion of certain funds and actions in violation of the bylaws by the board members of the Athletic Club. Citing *Brotherhood of Railroad Trainmen v. Price,* 108 S.W.2d 239 (Tex.Civ.App.1937, writ dism'd), we held that courts are not disposed to interfere with the internal management of a voluntary association, that the right of such an organization to interpret its own organic agreements, its laws and regulations, after they are made and adopted, is not inferior to its right to make and adopt them, and a member, by becoming such, subjects himself, within legal limits, to his organization's power to administer, as well as to its power to make its rules. *Hoey v. San Antonio Real Estate Board,* 297 S.W.2d 214 (Tex.Civ.App.1956, no writ); *Gaines v. Farmer,* 55 Tex.Civ.App. 601, 119 S.W. 874 (Tex.Civ.App.1909, writ dism'd).

The record discloses that the point in controversy is by no means self-evident. Indeed, the governing body of the Association had sought a legal opinion from its attorney as to the propriety of its action. The attorney advised this body that they were within the bylaws in holding the questioned election. Appellees plausibly argue the legality of its actions in this respect. By their voluntary assent to the rules of the Association, appellants have bound themselves to abide by all lawful limitations imposed by Association rules, and the courts will not interfere with the reasonable interpretation placed by the Association on those rules. *Brotherhood of Railroad Trainmen v. Price, supra;* 7 C.J.S. *Associations* § 11; *Cline v. Insurance Exchange of Houston,* 140 Tex. 175, 166 S.W.2d 677 (1942).

■ Exceptions to this rule exist when a governing body has substituted legislation for interpretation or has transgressed the bounds of reason, common sense, fairness, or has contravened public policy or the law of the land in such interpretation or administration. *Hoey, supra.* Such is not the case here. Appellants' cases to the contrary are not in point.[1]

We affirm the judgment of the trial court.

Affirmed.

1. Appellants cite: *Masonic Grand Chapter of Order of Eastern Star v. Sweatt,* 329 S.W.2d 334 (Tex.Civ.App.1959, writ ref. n. r. e.); *American Institute of Real Estate Appraisers v. Hawk,* 436 S.W.2d 359 (Tex.Civ. App.1968, no writ); *Lundine v. McKinney,* 183 S.W.2d 265 (Tex.Civ.App.1944, no writ); *Post No. 581, American Legion, Department of Texas v. Department of Texas, American Legion,* 290 S.W.2d 712 (Tex.Civ.App.1956, no writ).