Rev. Isaac T. NELSON, Appellant,

v.

TEXAS STATE TEACHERS ASSOCIA-
TION and National Education
Association, Appellees.

No. 20932.

Court of Appeals of Texas,
Dallas.

Jan. 26, 1982.

Rehearing Denied Feb. 24, 1982.

E. Brice Cunningham, Dallas, for appellant.

Gaynor Kendall, Kendall, Randle, Finch & Osborn, Austin, for appellees.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

Appellant appeals from a summary judgment that he take nothing in this suit seeking to recover damages from the appellees, Texas State Teachers Association (TSTA) and The National Education Association (NEA) for the failure of TSTA and NEA to provide appellant with funds requested by him to cover (in whole or in part) attorney's fees, court costs and other expenses incurred or proposed to be incurred in connection with a previous suit that appellant had filed in Federal Court against a school district and certain officials of that district.

In three points appellant contends that the trial court erred in granting the motion for summary judgment, in finding that appellant had no right to recover damages and in finding that there was no genuine issue as to any fact. TSTA and NEA contend that at the time appellant's employment disputes with the school district

arose appellant was not a member of either TSTA or NEA and that neither TSTA or NEA had contracted, provided or undertaken to provide appellant with the requested funds or monetary aid. For the purpose of this opinion we assume, without deciding, that a fact issue exists regarding whether appellant was a member of the two associations at the relevant time. Nevertheless, we hold that the summary judgment proof established as a matter of law that neither association assumed any contractual liability to provide appellant with the funds requested. Consequently, we affirm.

The statement of facts which follows is taken from affidavits and other documents provided by the associations in support of their motion. None of these facts are disputed by appellant.

Both TSTA and NEA are corporations and both are voluntary membership organizations comprised of persons engaged in the educational profession. During the 1975–76 school year appellant was employed by the school district in the position of counselor. On August 9, 1976, the school district refused to hire the appellant in the position of supervisor, refused to give him a contract for the following school year (1976–77) as counselor, and reduced him for the following school year from his former position as counselor to the position of eighth grade science teacher.

Appellant then sued in Federal District Court seeking damages against the school district, its trustees and other officials of the district for their actions on August 9, 1976. The Federal District Court rendered judgment against appellant and his appeal to the United States Court of Appeals was dismissed. It was for his federal court litigation that appellant sought the funds from TSTA and NEA.

### The Claim Against TSTA

Appellant's suit against TSTA arises out of the failure or refusal of the association to approve his application as a TSTA member for TSTA "Defense Fund" financial assistance in prosecution of his federal court suit against the school district. The summary judgment proofs establish that nothing in the TSTA governance documents purports to confer upon an association member the right to be given financial or other assistance in prosecution of any suit or claim the member might file or have pending during the period of membership. Instead, it was shown that the document establishing the TSTA "Defense Fund," on which appellant relies, merely authorized the PR&R (Professional Rights and Responsibilities) Committee of TSTA to grant up to $500 maximum to assist a member in the prosecution or defense of claims arising out of employment disputes with school districts, but upon the express condition that "the person or persons requesting financial assistance must have been a member of TSTA at the time of the incident requiring PR&R consideration occurred."

Even as to cases arising out of employment disputes having their origin in acts of school officials occurring while the employee was a member of the association, it was expressly provided that,

Financial assistance granted to a member is to be considered a contribution and not the result of any vested right to receive financial assistance.

Finally, it is provided that in cases meeting other requirements, financial assistance would be granted only if the PR&R Committee "in its sole discretion" considers the case to be meritorious, that funds are available, and other matters.

We hold that the quoted language from the "Defense Fund" document is not reasonably capable of being construed as an enforceable promise to provide financial assistance of a specified sum to a member in a case arising from an employment dispute which a member may file or have pending while he is a member.

The language of the Defense Fund procedures above quoted is not a promise to pay any specific amount to a member in any case, nor is any time of payment specified, nor is any other certain promise made to the member. Instead, the document merely authorizes the PR&R Committee to grant

assistance in such cases as, in its sole discretion, it determines to be meritorious (and as meeting other standards), and in such amount (not exceeding $500) as the Committee determines to award. Finally, it expressly provides that any financial assistance allowed by the Committee is to be considered a contribution "and not the result of any vested right to receive financial assistance." Such wording is incapable of being construed as a contractual promise to a member. In consequence, we conclude that the District Court correctly rendered summary judgment that appellant take nothing against TSTA.

### The Claim Against NEA

■ Appellant claims that NEA was obligated to provide him funds to prosecute his federal court action under the guidelines governing the NEA DuShane legal services program. At all times material to this case the document embodying these guidelines was not a document dealing directly with NEA members. Instead, it was one intending to encourage state affiliates to establish and maintain "a legal services program designed to provide legal assistance to UTP members [members of NEA—affiliated organizations] in employment related matters" by proposing to reimburse the state affiliate for part of the costs it might incur in operating such a program. The term "employment related matter," describing the intended scope of the program to be operated by the state affiliate, was defined as meaning a matter (or dispute) arising out of:

(a) the relationship between a school district ... and (i) one or more of its employees who are members of the United Teaching Profession.

(b) the relationship between an employer and one or more of its employees ... if the state affiliate and NEA agree that the matter is precedential for the United Teaching Profession.

Under paragraph (a) the state affiliate is to establish a program for granting assistance where the employment dispute arises between a school district and one of its employees who is a member of NEA and its affiliated organizations. The "Defense Fund" program of TSTA adopted pursuant to and in satisfaction of paragraph (a) has been discussed above. The DuShane guidelines expressly provide that "the specific nature of the legal services program shall be determined by the state affiliate."

As to disputes arising out of "the relationship of an employer and one or more of its employees" (i.e., an employee not a member of the association at the time the adverse action by the employer occurs) the proposed program can allow financial support to be granted only "if the state affiliate and NEA agree that the matter is precedential" to association interests.

The only provision for direct dealing by NEA with a member is the one provided that an applicant whose application has been denied by the state affiliate may apply to NEA for consideration of the application. Appellant did submit an application to NEA in December, 1977. On February 8, 1978, he was advised by letter that "because you were not a member of NEA at the time of your demotion support of legal action by the Fund is not warranted" under paragraph (a) above. Secondly, he was told that "after careful consideration and consultation with counsel" it was determined that the probable outcome of his case would not be "precedential" and therefore did not qualify under the tests of paragraph (b), above.

We hold that the DuShane guidelines do nothing more than provide assistance to local affiliates in setting their own legal services program and cannot be converted into a contractual promise by NEA to furnish a given amount of aid in a specific time.

■ Even if the meaning of the applicable provisions were unclear, the summary judgment evidence establishes that the association officials charged with their enforcement have construed and applied them as having the meanings set out above. As is stated in *Brotherhood of Railroad Trainmen v. Price*, 108 S.W.2d 239, 241 (Tex.Civ. App.—Galveston 1937, err. dism.):

Courts are not disposed to interfere with the internal management of a voluntary association. The right of such an organization to interpret its own organic agreements, its laws and regulations, after they are made and adopted, is not inferior to its right to make and adopt them. And a member by becoming such, subjects himself, within legal limits, to his organization's power to administer, as well as the power to make, its rules. *Id.* at 241.

*See also Combs v. Texas State Teachers Association,* 533 S.W.2d 911, 913 (Tex.Civ. App.—Austin 1976, writ ref'd n. r. e.). The construction given to the language in question is clearly a reasonable interpretation of the meaning—if indeed, it is not the only reasonable interpretation which can be gleaned from the language.

For the reasons stated above, we conclude that the denial by NEA of appellant's application for money in connection with his suit against the school district did not violate any right possessed by him, and the District Court was correct in so deciding.

Affirmed.