# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00129-CV

---

**Appellant, John Gordon// Cross-Appellant, South Texas Youth Soccer Association, Inc.**

**v.**

**Appellee, South Texas Youth Soccer Association, Inc.// Cross-Appellee, John Gordon**

---

**FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 16-1393-C395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING**

---

### O P I N I O N

This appeal primarily concerns the requirement to exhaust the administrative remedies of a voluntary association[1] within the context of the judicial nonintervention doctrine, a longstanding and "well-established rule of law that the civil courts will not interfere with the internal operations of [voluntary] associations of private individuals." *Dallas Athletic Club Protective Comm. v. Dallas Athletic Club*, 407 S.W.2d 849, 850 (Tex. App.—Austin 1966, writ ref'd n.r.e.) (quoting *Gaines v. Farmer*, 119 S.W. 874, 877 (Tex. App.—Texarkana 1909, writ

---

[1] In current jurisprudence, the doctrine of exhaustion of administrative remedies generally arises in the context of an administrative proceeding and "requires a party in an administrative proceeding to await that proceeding's completion, thereby securing all available administrative relief before seeking judicial review of the agency's action." *Cash Am. Intern. Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). Here, in contrast, the doctrine arises in the context of a voluntary association's internal operations. *See Bullard v. Austin Real Estate Bd., Inc.*, 376 S.W.2d 870, 877 (Tex. App.—Austin 1964, writ ref'd n.r.e.). Following *Bullard*, we will continue to refer to the doctrine as one of exhaustion of administrative remedies but note that it is distinct from the doctrine in the context of administrative proceedings, although both are grounded in similar principles.

dism'd)). Here, the South Texas Youth Soccer Association, Inc. (STYSA) suspended John Gordon. Bypassing STYSA's internal grievance procedures to appeal the suspension, Gordon sued in trial court. STYSA moved to dismiss Gordon's suit for lack of jurisdiction, which the trial court granted, and moved for attorney's fees, which the trial court denied. Both parties appealed. For the following reasons, we affirm.

## BACKGROUND

In June 2016, Gordon was appointed to the board of directors for Round Rock Soccer Association, Inc. (RRSA), after being involved with RRSA as a coach, a donor, and a licensed referee who would referee games within STYSA's jurisdiction. RRSA is a local soccer association in the Capital Area Youth Soccer Association (CAYSA), which is a member of the regional youth soccer association STYSA. STYSA governs south Texas for the United States Youth Soccer Association (USYSA), a division of the United States Soccer Federation (USSF).[2]

In November 2016, Gordon was removed from RRSA's board of directors for alleged aggressive behavior. The next month, Gordon sued the members of RRSA's board of directors (the RRSA Members), seeking declaratory relief that his removal violated RRSA's bylaws and the Texas Organizations Code and petitioning for writ of mandamus ordering the board to rescind its removal and to produce minutes of its meetings.

In February 2017, STYSA instituted an internal grievance proceeding against Gordon for alleged violations of STYSA's procedures in section 4—titled Discipline, Protest,

---

[2] As explained by STYSA, the USSF is a national governing body recognized and designated by the United States Olympic Committee (USOC), which governs amateur sports in the United States. *See generally* 36 U.S.C. §§ 220501–220543. USOC is authorized to recognize national governing bodies for sports that are included in the Olympic Games or the Pan-American Games and each national governing body may serve as the "coordinating body for amateur athletic activity in the United States." *See id.* §§ 220505(c)(4), 220523(a)(3).

2

Grievance and Appeal Procedures—of its administrative handbook.[3]  Specifically, STYSA alleged that Gordon's suit against the RRSA Members violated sections 4.4.15 and 4.4.16, which provide for the suspension of a person from all soccer activities for invoking the aid of the courts without exhausting administrative remedies and impose liability for STYSA's costs in defending the action, including for attorney's fees.[4]

The STYSA appeals committee conducted a hearing with Gordon present by telephone and in April, the committee issued a decision based on the testimony and information provided.  The committee found by unanimous vote that Gordon violated sections 4.4.15 and 4.4.16 and suspended Gordon "from any STYSA-sanctioned events for a period of one (1) year (effective April 11, 2017)," providing however that if Gordon "follows the proper course of action outlined in STYSA [sections] 4.4.15 and 4.4.16, his suspension will be probated."  In a letter sent to Gordon the day after the hearing, STYSA enclosed the decision and stated, "*You have the right to appeal this decision to the [USSF] Appeals Committee within ten (10) days of receipt of this letter.  A copy of USSF Bylaw 705 and a Notice of Appeal form are enclosed with*

---

[3] The stated purpose of section 4 is "to promote and ensure uniformity and consistency in the application of the rules and procedures" and to "attempt to regulate and control acceptable, unsportsmanlike and unfair behavior . . . in order to promote the sport of youth soccer."

[4] Section 4.4.15 ("Cannot Invoke Aid of Courts") states, "No official, club, league, association, team coach, referee, fan, supporter or player or their representative may invoke the aid of the courts of any State or of the United States without first exhausting all available remedies within the appropriate soccer organizations as set forth under the lines of authority herein."  Section 4.4.16 ("Penalty for Failure to Exhaust Administrative Remedies") provides, "Any person(s) or group(s) bringing action through the court system without exhausting the administrative remedies listed herein or in the USYSA / USSF rules" is subject to "suspension from all soccer activities and forfeit any appeal / protest rights" and liable to STYSA for court costs, attorney's fees, and other expenses related to defending the action.

*this letter.*"[5]  Gordon testified that although he received the letter, he did not intend to appeal the STYSA appeals committee's decision to the USSF.  He also stipulated that he did not initiate any grievance or any appeal of any protest or grievance procedure following receipt of the letter.

In May, Gordon amended his petition to add STYSA as a defendant.  As alleged in his live petition—the fifth amended petition—Gordon claims that in early May he was removed from refereeing and "forced to leave the field" because he had "been banned from any participation in any STYSA-sponsored activity," that he "suffered the loss of payment for this game," and that he has "been unable to referee games for which he would otherwise have been able to be employed and receive[] compensation."  He sued STYSA for tortious interference with contract for interfering with his "legitimate contractual rights to act as an independent contractor providing refereeing services to South Texas Soccer Referees," for declaratory judgment that his suit "is not precluded by" STYSA's procedures, for injunctive relief stopping STYSA from preventing Gordon from acting as a referee in youth soccer matches, and for attorney's fees.

The RRSA Members filed a plea to the jurisdiction and STYSA moved to dismiss for lack of subject matter jurisdiction, citing the judicial nonintervention doctrine and alleging that Gordon failed to exhaust administrative remedies by bringing his lawsuit instead of following the procedures for an internal appeal of his suspension as prescribed by STYSA's constitution, bylaws, and rules.  STYSA's motion to dismiss also included a request "that this Court award STYSA with recovery of the attorney fees and costs incurred in pursuing this

---

[5] USSF Bylaw 705 prescribes the procedures for instituting an appeal and provides, "The Appeals Committee shall consider and determine appeals from final decisions rendered by Organization Members . . . relating to activities sponsored by the Federation or the Organization Member . . . or its members."

4

Motion." In November 2017, the trial court conducted an evidentiary hearing on the RRSA Members' plea and STYSA's motion to dismiss. At the hearing, the parties did not discuss, argue, or present evidence as to attorney's fees. In February 2018, the trial court granted STYSA's motion and dismissed Gordon's suit against STYSA with prejudice without addressing attorney's fees. The record does not include a ruling on the RRSA Members' plea.

A year later, the trial court granted Gordon and the RRSA Members' joint motion to dismiss their claims against each other with prejudice. Gordon represents to this Court that the issues between the RRSA Members and Gordon settled. STYSA then moved for entry and award of attorney's fees, alleging that Gordon threatened an appeal earlier that month and demanded settlement. STYSA claimed that "Gordon's letter re-initiated this matter for STYSA and forced STYSA to re-engage counsel and incur additional costs" and therefore that "STYSA seeks to elect to enforce its right to recover attorney's fees and costs" under section 4.4.16, which provides as a penalty for failure to exhaust administrative remedies that the person is liable to STYSA "for all expenses incurred by STYSA . . . in defending the action, including, but not limited to: (1) court costs; (2) attorney's fees; (3) cost of litigation" and other specified expenses. STYSA requested $14,367.69 for attorney's fees and expenses and submitted an affidavit to support the award. The court denied STYSA's request for attorney's fees because it "was not made pursuant to a timely counterclaim."[6]

Gordon then requested findings of fact and conclusions of law, which the court entered in April 2019, finding, as relevant here:

---

[6] The order indicates that a hearing on STYSA's request for attorney's fees occurred on March 4, 2019, but the record does not include a reporter's record of this hearing.

12. STYSA has a Constitution, Bylaws, and Administrative Handbook that govern disciplinary actions and provide an appellate process for disciplinary decisions.

13. Gordon is bound by the Constitution, Bylaws, and Administrative Handbook as a member of RRSA's Board of Directors and a participant under STYSA as a referee.

14. The Constitution, in section 4.4.1, states that a complainant shall pursue a protest, appeal, and grievance to the following bodies in order:

    a. One Member Association appeals body, then

    b. STYSA Appeals Committee, then

    c. STYSA Executive Committee only in disputes between Member Associations or their member clubs, then

    d. USSF National Appeals Committee.

15. The Constitution, Bylaws, and Administrative Handbook state that a member can appeal a suspension decision to the [USSF] Appeals Committee within ten (10) days of a member's receipt of a suspension.

16. The Constitution states that "Members agree not to resort to use of the courts until all administrative remedies are exhausted. Further, as penalty for breach of this agreement, members agree that by doing so they will be suspe[n]ded from all soccer activities and, further, liable for all of STYSA's litigation fees and costs including the time of its personnel."

17. STYSA suspended Gordon for a period of one year.

18. Gordon filed this litigation without appealing the suspension to the USSF Appeals Committee.

The court then made conclusions of law that Gordon is bound by the STYSA procedures, that STYSA as a voluntary association is entitled to set forth internal procedures not subject to judicial review, that Gordon did not exhaust all administrative remedies prior to filing litigation, and that the court therefore lacks subject matter jurisdiction.

6

Gordon appealed from the order granting STYSA's motion to dismiss and STYSA cross appealed from the court's order denying STYSA's motion for attorney's fees.

## DISCUSSION

In four issues, Gordon challenges the trial court's order granting STYSA's motion to dismiss. In his first issue, he argues that his lawsuit involves state law issues that are not the proper subject of an administrative proceeding; therefore, the doctrine of judicial nonintervention should not apply. In his second and third issues, Gordon claims that the trial court's decision violates his due process rights and is contrary to public policy. In his fourth issue, Gordon argues that the only evidence admitted of STYSA's organizational structure demonstrated that STYSA did not have an administrative process that was enforceable against Gordon. On cross appeal, STYSA challenges the trial court's denial of its motion for attorney's fees.

### The Doctrine of Judicial Nonintervention

To provide context, we address the general nature of the doctrine of judicial nonintervention. "It is generally held that the constitution and by-laws of a voluntary association, whether incorporated or not, are controlling as to its internal management." *District Grand Lodge No. 25 Grand United Order of Odd Fellows v. Jones*, 160 S.W.2d 915, 922 (Tex. [Comm'n Op.] 1942). And more than half a century ago, this Court described the doctrine of judicial nonintervention by quoting our sister courts:

> "We think it is a well-established rule of law that the civil courts will not interfere with the internal operations of such associations of private individuals, or assume to review their failure to conduct their business affairs according to the laws and rules of the order, except for the purpose of protecting some civil or property right of the party complaining."
>
> . . . .

7

> "Courts are not disposed to interfere with the internal management of a voluntary association.  The right of such an organization to interpret its own organic agreements, its laws and regulations, after they are made and adopted, is not inferior to its right to make and adopt them.  And a member, by becoming such, subjects himself, within legal limits, to his organization's power to administer, as well as to its power to make, its rules."

*Dallas Athletic Club*, 407 S.W.2d at 850 (first quoting *Gaines*, 119 S.W. at 877; then quoting *Brotherhood of R.R. Trainmen v. Price*, 108 S.W.2d 239, 241 (Tex. App.—Galveston 1937, writ dism'd)); *see Haedge v. Central Tex. Cattlemen's Ass'n*, No. 07-15-00368-CV, 2016 WL 5929596, at *6 (Tex. App.—Amarillo Oct. 11, 2016, pet. denied) (mem. op.) ("A member of a voluntary association is bound by a sentence of expulsion against him lawfully rendered by a tribunal created in pursuance of its constitution and clothed with that power. . . .  The decisions of these tribunals, when organized under the constitution and lawfully exercising their powers, though they involve the expulsion of a member, are no more subject to collateral attack for mere error than are the judgments of a court of law." (quoting *Screwmen's Benevolent Ass'n v. Benson*, 13 S.W. 379, 380 (Tex. 1890))).

However, "the application and the impact of the doctrine and its exceptions have not always been predictable."  *Haedge*, 2016 WL 5929596, at *5; *see Hatley v. American Quarter Horse Ass'n*, 552 F.2d 646, 655 (5th Cir. 1977) (noting that "the fabric of Texas law is not all of one piece in this area"); *Barrash v. American Ass'n of Neurological Surgeons, Inc.*, No. 4:13-CV-1054, 2014 WL 2169813, at *1 (S.D. Tex. May 22, 2014) (order) (noting "the lack of clear guidance from Texas case law" regarding doctrine).  Nevertheless, we need not delve into the contours of this doctrine to decide this case.  The question before us is not whether Gordon could invoke judicial review of a final decision by a voluntary association, but whether

he could invoke judicial review of STYSA's decision without having pursued an internal appeal as provided by STYSA's procedures.

As to this question, binding precedent is clear. In a case applying the judicial nonintervention doctrine, this Court expressly required that members of voluntary associations exhaust administrative remedies before bringing suit. *See Bullard v. Austin Real Estate Bd., Inc.*, 376 S.W.2d 870, 877 (Tex. App.—Austin 1964, writ ref'd n.r.e.).[7] After noting the general rule "that usually a court will not enjoin expulsion proceedings pending before a professional association or its expulsory tribunal," we held that a suit "was premature" when the litigant "failed to exhaust his administrative remedies" before the professional association and that, in this particular case, the litigant "refused to avail himself of [the administrative remedies] altogether." *Id.* at 874, 877. Thus, under *Bullard*, the issue in this appeal is whether Gordon exhausted his administrative remedies following STYSA's decision before bringing suit.[8]

---

[7] From our review of case law, we have addressed the doctrine of judicial nonintervention three times. *See Combs v. Texas State Teachers Ass'n*, 533 S.W.2d 911, 913 (Tex. App.—Austin 1976, writ ref'd n.r.e.); *Dallas Athletic Club Protective Comm. v. Dallas Athletic Club*, 407 S.W.2d 849, 850–51 (Tex. App.—Austin 1966, writ ref'd n.r.e.); *Bullard*, 376 S.W.2d at 874–877. Only *Bullard* concerned the exhaustion requirement. 376 S.W.2d at 877.

[8] The Texas Supreme Court has not expressly addressed this question. But in the context of denying a petition for mandamus, the Texas Supreme Court held:

A member of a voluntary association is bound by a sentence of expulsion against him lawfully rendered by a tribunal created in pursuance of its constitution, and clothed with that power. The rule also applies at least to such incorporated societies as are not organized principally for commercial gain. By uniting with the society, the member assents to and accepts the constitution, and impliedly binds himself to abide by the decision of such boards as that instrument may provide, for the determination of disputes arising within the association. The decisions of these tribunals, when organized under the constitution, and lawfully exercising these powers, though they involve the expulsion of a member, are no more subject to collateral attack for mere error than are the judgments of a court

9

**Exhaustion of Administrative Remedies**

The failure to exhaust the administrative remedies of a voluntary association makes a suit "premature," *Bullard*, 376 S.W.2d at 877; a premature suit is generally unripe, *see Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998); and ripeness implicates subject matter jurisdiction, *see id.* Whether a court has subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is a dilatory plea whose purpose is to defeat a claim on jurisdictional grounds regardless of the claim's merit. *Bland Indep. Sch. Dist v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see Patton v. Jones*, 212 S.W.3d 541, 545 (Tex. App.—Austin 2006, pet. denied) (noting that "motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction"). "When the jurisdictional issue does not implicate the merits of the case and the jurisdictional facts are undisputed, the trial court should make the jurisdictional

---

[of] law. But if the tribunal act illegally; if it declare a sentence of expulsion for an offense for which that penalty is not provided by the constitution and laws of the association; *and if there be no right of appeal, within the association, reserved for the redress of the injury*,—the courts will review the proceedings, and, if found illegal, will treat them as null, and restore the member to his privileges as such. . . . Members of such associations, having voluntarily constituted tribunals to adjust their differences, should not be permitted to resort to the courts of justice to set aside the illegal awards of such tribunals as long as there is another body which has power to reverse the sentence, and which has not been appealed to. The presumption is that if plaintiff had appeared before the association at a proper meeting, and had taken an appeal from the sentence of the board of trustees, the sentence, if illegal, would have been set aside. . . . The point is that it was the action of the tribunal created in accordance with the constitution, and *the appellee had an adequate remedy by appeal within the society itself.*

*Screwmen's Benevolent Ass'n v. Benson*, 13 S.W. 379, 380 (Tex. 1890) (emphases added); *see Manning v. San Antonio Club*, 63 Tex. 166, 170–171 (1884) (citing *German Reformed Church v. Commonwealth ex rel. Seibert*, 3 Pa. 282, 291 (1846), for proposition that "if a member be expelled, even in violation of the rules of the church, his remedy is by appeal to the higher courts of the church and not to the civil tribunal").

determination as a matter of law based solely on the undisputed facts," which we review de novo. *Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 858 (Tex. App.—Austin 2013, pet. denied) (citing *University of Tex. v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.)).[9]

Here, the relevant facts necessary to decide whether Gordon exhausted his administrative remedies are undisputed and were confirmed at the evidentiary hearing on the motion to dismiss. Gordon does not dispute that STYSA suspended him for a year. He admitted that he attended the hearing by telephone and received a letter from STYSA that included both STYSA's decision to suspend him and notice of his right to appeal to the USSF within ten days of receiving the notice. He also admitted that he did not intend to exercise that right and stipulated that "he did not initiate any grievance or any appeal of any protest or grievance following the receipt of that letter."

In his fourth issue, Gordon asserts that the trial court erred because the CAYSA handbook, which he submitted as evidence at the evidentiary hearing, does not provide any evidence that RRSA had an administrative process for him to exhaust his administrative remedies. But the CAYSA handbook goes to whether Gordon exhausted administrative remedies following RRSA's decision; it does not address whether Gordon exhausted his

---

[9] Given that the question before us concerns the exhaustion of administrative remedies, we need not take a position on the split between our sister courts as to whether the standard for reviewing a trial court's decision to apply the doctrine of judicial nonintervention is abuse of discretion or de novo. *Compare Texas Thoroughbred Breeders Ass'n v. Donnan*, 202 S.W.3d 213, 224 (Tex. App.—Tyler 2006, pet. denied) (applying de novo standard); *Juarez v. Texas Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 277–78 (Tex. App.—El Paso 2005, no pet.) (same), *with Haedge v. Central Tex. Cattlemen's Ass'n*, No. 07-15-00368-CV, 2016 WL 5929596, at *5 (Tex. App.—Amarillo Oct. 11, 2016, pet. denied) (mem. op.) (applying abuse of discretion standard); *Stevens v. Anatolian Shepherd Dog Club of Am., Inc.*, 231 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (same).

administrative remedies as to STYSA's decision. Both STYSA's Discipline, Protest, Grievance and Appeal Procedures and the notice of that process that was provided to Gordon following his suspension were admitted without objection at the hearing. And as described above, the undisputed facts establish that Gordon did not follow this process. We overrule his fourth issue.

In his first issue, Gordon argues that each of his "claims against RRSA are matters that should be resolved only by a court of law" and "that if only a court should decide the RRSA issues, only a court should decide if [] Gordon was wrongfully suspended by STYSA for exercising his right to have access to the Williamson County District Court in his suit against RRSA." But we do not see how Gordon's alleged conclusion necessarily follows. If Gordon is correct that the RRSA matters should be decided only by a court of law, then STYSA may have erred in its decision that Gordon should be suspended for failing to exhaust administrative remedies as to the RRSA matters. But the fact that STYSA may have erred does not necessitate that a court decide the issue that was before STYSA. Moreover, we do not opine today on whether a court may ultimately decide that issue. Instead, we reaffirm that a party generally must exhaust its administrative remedies within the voluntary association before bringing suit. *See Bullard*, 376 S.W.2d at 877; *cf. Patterson*, 971 S.W.2d at 443 ("[A]voiding premature litigation prevents courts from 'entangling themselves in abstract disagreements over administrative policies' while at the same time serving to 'protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" (quoting *City of El Paso v. Madero Dev. & Constr. Co.*, 803 S.W.2d 396, 398–99 (Tex. App.—El Paso 1991, writ denied))); *Benson*, 13 S.W. at 380 ("If his expulsion was illegal, and if the association had refused, upon appeal, to set it aside, it may be that this court would have granted redress."). We overrule his first issue.

12

In his second issue, Gordon claims that he was deprived of due process to have a trial subject to judicial examination. To the extent that Gordon is correct that he is entitled to a trial, the Texas Supreme Court has noted in the administrative law context that "[t]he requirement that parties exhaust administrative remedies does not deprive parties of their legal rights" but "'ensure[s] an orderly procedure to enforce those rights.'" *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (quoting *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013)). Likewise, here Gordon was not deprived of his due process rights. He chose not to avail himself of STYSA's internal appeal procedure to enforce those rights within the voluntary association, which conceivably may have resulted in the reversal of STYSA's decision in response to Gordon's arguments. *See Benson*, 13 S.W. at 380 ("The presumption is that if plaintiff had appeared before the association at a proper meeting, and had taken an appeal from the sentence of the board of trustees, the sentence, if illegal, would have been set aside."). Because Gordon chose not to exhaust his administrative remedies, *Bullard* instructs that his suit is premature and that the trial court lacked subject matter jurisdiction over Gordon's suit against STYSA. *Bullard*, 376 S.W.2d at 877. We overrule his second issue.

Finally, in his third issue, Gordon asserts that an exception to the doctrine of judicial nonintervention applies when "a valuable right or property interest is at stake," *Stevens v. Anatolian Shepherd Dog Club of Am., Inc.*, 231 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2007, pet. denied), and therefore that it is against the policy of the state to apply the doctrine of judicial nonintervention here. Specifically, Gordon argues that his "suspension by STYSA has resulted in a loss of income [in his role as referee] that he would have otherwise had" and that he

13

"sued for that loss."[10]  However, case law regarding this exception concerns a trial court's refusal to intervene in the internal affairs of a voluntary association based upon the doctrine of judicial nonintervention, not based on a litigant's failure to exhaust administrative remedies.  Gordon does not cite any analogous authority that applies the exception to permit a member of a voluntary association to bring suit without exhausting the administrative remedies within that association.  Accordingly, we need not decide whether the exception applies to permit judicial intervention had Gordon exhausted his administrative remedies because here—like the *Bullard* plaintiff—he "refused to avail himself of them altogether."  *Bullard*, 376 S.W.2d at 877.[11]  We overrule his third and final issue on appeal.

**Attorney's Fees**

Turning to the cross appeal, STYSA asserts that the trial court erred in denying its request for attorney's fees and costs on the ground that STYSA did not file a counterclaim.  In a single issue, STYSA alleges that it did not need to file a counterclaim, that it pleaded for attorney's fees in its motion to dismiss, that the trial court should have considered the motion for

---

[10]  Gordon also asserts that an exception applies because he had a "valuable right" in his "position on the board of directors" for RRSA and "his interest in accessing the books and records of the association so as to determine if his considerable donations were being spent as promised."  But these rights were at stake before RRSA, not STYSA.  It is STYSA's action in suspending Gordon, not RRSA's actions, that is at issue in this appeal.

[11]  Our opinion today does not address a situation where a voluntary association deprives a member of procedural due process.  *See Stevens*, 231 S.W.3d at 75 (noting that "[c]ourts have also held that associations must accord their members something similar to due process, and have intervened in the inner-dealings of associations on this ground as well").  Other than asserting his right to a judicial trial, Gordon does not allege in his briefing before this Court any deprivation of procedural due process he received as to STYSA's hearing or as to the internal appeal procedures provided by STYSA.  *See Masonic Grand Chapter of Order of E. Star v. Sweatt*, 329 S.W.2d 334, 337 (Tex. App.—Fort Worth 1959, writ ref'd n.r.e.) (noting that "essential elements" of "due process" are "notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case").

14

entry and award of attorney's fees as a "pre-judgment pleading amendment" because it "was filed after the dismissal order but before entry of a final judgment or the expiration of plenary power," and that there was no prejudice or surprise to Gordon. We disagree.

"Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity." *Ogle v. Hector*, No. 03-16-00716-CV, 2017 WL 3379107, at *3 (Tex. App.—Austin Aug. 2, 2017, pet. denied) (mem. op.) (quoting *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 884 (Tex. App.—Dallas 2009, no pet.)). STYSA does not rely on a mandatory statute for its request for attorney's fees. Nor did the parties try STYSA's request by consent: at the November 2017 evidentiary hearing, STYSA did not mention its request or present any supporting evidence for attorney's fees. *See* Tex. R. Civ. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Stoner v. Thompson*, 578 S.W.2d 679, 682–83 (Tex. 1979) (holding that "[a] judgment must be based upon pleadings" not "'on an unpleaded cause of action, in the absence of trial by consent'" (quoting *Oil Field Haulers Ass'n v. Railroad Comm'n*, 381 S.W.2d 183, 191 (Tex. 1964))); *Nowlin v. Davis*, No. 03-18-00694-CV, 2019 WL 2440103, at *2 (Tex. App.—Austin June 12, 2019, no pet.) (mem. op.) (noting issue was tried by consent when court admitted evidence of attorney's fees without objection).

Pleadings define the issues and parameters of a contest. *See Scott-Nixon v. Texas Higher Educ. Coordinating Bd.*, No. 03-10-00377-CV, 2012 WL 1582270, at *2 n.1 (Tex. App.—Austin May 4, 2012, no pet.) (mem. op.) (noting that "purpose of pleadings is to define

15

issues at trial" (citing *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982))).[12] But

STYSA's pleadings did not raise the issue of attorney's fees; STYSA did not request attorney's

fees by petition or answer. *See* Tex. R. Civ. P. 45(a) ("Pleadings . . . shall . . . be by petition and

answer."), 78 (defining plaintiff's pleadings as original petition and such supplemental petitions

as may be necessary), 83 (explaining that in course of pleading, defendant's answer shall consist

of original answer and such supplemental answers as may be necessary). And on this record, we

cannot conclude that STYSA's request for attorney's fees in its motion to dismiss was a pleaded

counterclaim, especially considering that the request was expressly limited to "recovery of the

attorney fees and costs incurred in pursuing this Motion." *See In re S.A.P.*, 156 S.W.3d 574, 576

n.3 (Tex. 2005) ("[A] motion for summary judgment is not a pleading." (citing Tex. R. Civ. P.

45(a))); *MacFarland v. Le-Vel Brands LLC*, No. 05-16-00672-CV, 2017 WL 1089684, at \*17

(Tex. App.—Dallas Mar. 23, 2017, no pet.) (mem. op.) (noting that record does not

show "motion to dismiss was part of any pleading"); *Portfolio Recovery Assocs. v. Talplacido*,

No. 05-13-00682-CV, 2014 WL 2583691, at \*3 (Tex. App.—Dallas June 10, 2014, no pet.)

(mem. op.) ("[A] motion is not a pleading."); *Stewart A. Feldman & Assocs. v. Industrial*

*Photographic Supply, Inc.*, No. 14-01-00249-CV, 2002 WL 31042586, at \*5–6 (Tex. App.—

Houston [14th Dist.] Sept. 12, 2002, no pet.) (not designated for publication) (describing

rationale for why motion for attorney's fees was not "sufficient to constitute a pleading"); *Jones*

---

[12] STYSA's two cited authorities on this issue are inapposite. *See Whitton v. Loescher*, No. 01-08-00497-CV, 2010 WL 1491948, at \*6–7 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, pet. denied) (mem. op.); *Dickerson v. Trinity-W. Title Co.*, 985 S.W.2d 687, 692 (Tex. App.—Fort Worth 1999, pet. denied). In both cases, the defendant raised the issue of attorney's fees in a pleading. In *Whitton*, the prevailing trial defendant alleged "a counterclaim for attorney's fees." 2010 WL 1491948, at \*2. In *Dickerson*, although the prevailing defendant did not bring a breach of contract counterclaim, the defendant did "answer[] with a general denial and [] affirmative defenses" and "requested attorney fees." 985 S.W.2d at 688, 692.

*v. Ignal*, 798 S.W.2d 898, 900 n.1 (Tex. App.—Austin 1990, writ denied) (noting that motions are not pleadings but applications to court for relief not embraced by pleading's prayer); *Elliott v. Elliott*, 797 S.W.2d 388, 392 (Tex. App.—Austin 1990, no writ) (same).

Finally, STYSA asserts that its motion for entry and award of attorney's fees constituted a "pre-judgment pleading amendment" that was filed "before entry of a final judgment," notwithstanding that it was filed after the trial court dismissed both Gordon's claims against STYSA with prejudice and all the claims of the other parties in the action. But the trial court's orders dismissing Gordon's claims against STYSA and the claims between Gordon and RRSA together constituted a final judgment. *See Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) ("A properly executed order of dismissal is a judgment."). Thus, we cannot construe the motion for entry and award of attorney's fees as a "pre-judgment pleading amendment," as STYSA asks this Court to do.[13] And STYSA does not provide any authority or legal basis for concluding that the trial court erred in not granting a postjudgment motion for attorney's fees when the pleadings did not contain a claim for attorney's fees, regardless of whether there was prejudice or surprise to Gordon.

Accordingly, we overrule STYSA's sole issue on cross appeal.

---

[13] STYSA also argues that Gordon did not assert that the motion was untimely and therefore failed to preserve this issue on appeal by not raising it before the trial court. But preservation concerns a "prerequisite to presenting a complaint for appellate review." Tex. R. App. P. 33.1(a). Here, Gordon, as cross appellee, is not complaining of the trial court's action, he is seeking to affirm the trial court's action. Moreover, the trial court expressly addressed this issue in its order when it denied STYSA's motion as "not made pursuant to a timely counterclaim," and Gordon could raise arguments on appeal to support affirming the trial court's decision based on this issue. *See Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014) ("We do not consider *issues* that were not raised in the courts below, but parties are free to construct new *arguments* in support of issues properly before the Court.").

17

## CONCLUSION

For these reasons, we affirm both the order granting STYSA's motion to dismiss and the order denying STYSA's motion for attorney's fees.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   February 19, 2021